BLANKS

*v.*

ROBINSON.

(*Supreme Court of Appeals of Virginia, April, 1886.*)

[Virginia Law Journal, 1886, p. 398.]

**Malicious Prosecution—Probable Cause—Case at Bar.**

Upon complaint of R., B. is taken before a justice and adjudged guilty of petit larceny, and sentenced; upon appeal this judgment is reversed and B. is adjudged not guilty, and is discharged. B. then brings an action·for malicious prosecution against R. : *held* :

**Same—Same—Judgment of Justice Prima Facie Evidence of.** '

The judgment of the justice is only *prima facie* evidence of probable cause for the prosecution. Womack *v.* Circle, 32 Gratt. 324, overruled.

Error to the corporation court of Danville.

Upon the complaint of Robinson, Blanks was arrested and taken before a justice and found guilty of petit larceny ; from this judgment and sentence Blanks appealed to the corporation court, where the judgment was reversed and Blanks was adjudged not guilty of the offence. Blanks thereupon brought his action against Robinson for damages for malicious prosecution. During the progress of the trial, when the fact of the conviction of the plaintiff by the justice and his subsequent acquittal and discharge in the corporation court had been made to appear, the court expressed the opinion that the said conviction was an absolute bar to the suit, notwithstanding the reversal of that judgment upon appeal to the corporation court. The trial thereupon came

to a pause, and the court, at the instance of the defendant, instructed the jury as follows:

"The court instructs the jury that if they are satisfied from the evidence in this cause that the defendant, W. P. Robinson, made complaint before D. T. Harvey, a justice of the peace for the town of Danville, against J. P. A. Blanks that he did in said town fraudulently fail and refuse to perform his promise in writing to deliver to the Piedmont Guano Company his crop of tobacco grown during the year 1880, he, the said J. P. A. Blanks, having procured from said Piedmont Guano Company an advance of $24.30 on said crop of tobacco, against the peace and dignity of the commonwealth of Virginia, and that thereupon J. P. A. Blanks was arrested and carried before said justice for trial, and that said justice, upon the trial of said complaint, after the examination of said prosecutor and said prisoner, and such other witnesses, if any, as were produced, convicted said Blanks of the offence charged, to wit, petit larceny, and sentenced him therefor, then such decision and conviction by said justice are conclusive evidence of the existence of probable cause for said complaint, even though the jury shall find that he was innocent of the offence, and was afterwards acquitted on appeal to the hustings court of Danville, unless they shall be further satisfied that Robinson procured said conviction by testimony known to him to be false."

To the giving of this instruction the plaintiff excepted. The jury found a verdict for the defendant. The plaintiff moved to set aside the verdict, which motion the court overruled, and entered judgment thereon, and to this judgment the plaintiff obtained this writ.

*Peatross & Harris,* for plaintiff in error.

*Withers & Barksdale,* for defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action for malicious prosecution. The case comes before us on an exception to an instruction given on the trial of the case in the court below, and presents for our determination the question whether a judgment of conviction, which has been reversed on appeal, is to be regarded as conclusive or *prima facie* evidence of the existence of probable cause for the malicious prosecution.

This same question was passed upon by this court in the recent case of Womack v. Circle, 32 Gratt. 324, where a majority of the court held that the conviction was conclusive of the existence of probable cause ; but after careful consideration of the subject we have reached the conclusion that, upon principle as well as authority, the minority of the judges were right, and that such conviction must be regarded as *prima facie* evidence of probable cause.

The ground upon which the cases which hold the contrary doctrine are rested is that the judgment of conviction is evidence of such high and conclusive character that it constitutes an estoppel which concludes all further enquiry into the facts and circumstances of the case. It leaves entirely out of view the facts that this very judgment may have been obtained through the fraud of the prosecutor, the ignorance and incompetence of the justice, and gives to a judgment which has been reversed and vacated the same force and effect as a judgment which has never been reversed or assailed. It not only ignores one of the cardinal doctrines applicable to estoppels, namely, that all estoppels must be mutual, but it violates the principle that the records of the proceedings in a criminal trial are never to be taken as conclusive of the facts upon which it is based in a civil action. For these reasons we regard any rule which would make such a judgment conclusive evidence of probable cause, as was said by the supreme court of Iowa, in Moffett v. Fisher, 47 Iowa R.

473, as too arbitrary to effect justice between the parties. And for these reasons, which are set forth with great force and detail in the dissenting opinion of Staples, J., in Womack v. Circle, *supra*, which we adopt, we are of the opinion that the corporation court of Danville erred in giving the instruction which it gave ; and that for this error the judgment must be reversed and the case must be remanded for a new trial, upon which new trial an instruction in accordance with the views herein announced must be given if the same is asked for.

Judgment reversed.