Statement.

## Wytheville.

## SAUNDERS V. BALDWIN.

### June 8, 1911.

1. DEMURRER—*One Good Count.*—A demurrer to a declaration as a whole should be overruled if there is a single good count in it.
2. MALICIOUS PROSECUTION—*Conviction of Crime Reversed—Probable Cause.*—In an action for malicious prosecution a conviction of a crime before a justice of the peace, though reversed on appeal, is conclusive evidence of probable cause for setting on foot the criminal prosecution, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false. *Blanks* v. *Robinson,* 1 Va. Dec. 600, overruled.
3. MALICIOUS PROSECUTION—*Acquittal—Probable Cause.*—In an action for malicious prosecution, the acquittal of the accused is not evidence of the want of probable cause, but such evidence is admissible to show that the prosecution has terminated.
4. MALICIOUS PROSECUTION—*Declaration—Allegation of Conviction Reversed.*—A declaration in an action for malicious prosecution which shows on its face that the plaintiff was convicted by a justice of the peace of the crime which is the basis of the action, but fails to allege that such conviction was procured by the defendant by fraud, or by means of evidence which he knew to be false, is bad on demurrer.

Error to a judgment of the Circuit Court of Mecklenburg county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*E. P. Buford,* for the plaintiff in error.

*Faulkner & Faulkner,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The defendant in error, D. E. Baldwin, was arrested, tried and found guilty of petit larceny upon a warrant issued by a justice of the peace of the county of Mecklenburg, upon the complaint of G. A. Saunders, the plaintiff in error. Upon appeal to the circuit court of that county the judgment of the justice was reversed, and the accused acquitted. He thereupon instituted his action of trespass on the case against Saunders for malicious prosecution.

Upon the trial of the cause there was a verdict and judgment against the latter. To that judgment this writ of error was awarded.

The trial court overruled a demurrer to the declaration and to each count thereof. This action of the court is assigned as error.

The declaration contains two counts. It is not denied here that the second count states a cause of action. The demurrer to the declaration as a whole and to the second count was therefore properly overruled.

The objection made to the first count is that although the want of probable cause is alleged for the complaint and proceedings mentioned therein, yet that the judgment of the justice of the peace, which is averred, although reversed and the accused acquitted, is conclusive evidence of the existence of probable cause, in the absence of averment that such judgment was procured by evidence known by the defendant (Saunders) to be false. This objection will be considered in disposing of the exception of the defendant to the action of the trial court in refusing to give instruction No. 3, offered by the defendant.

That instruction is as follows: "If the jury believe from the evidence that the defendant caused the warrant mentioned in the declaration to be issued against the plaintiff, and that the plaintiff upon his trial before the justice of the peace on said warrant was convicted by the judgment of the justice, such conviction is conclusive evidence of prob-

able cause, and the jury should find for the defendant, unless they further believe from the evidence that the defendant procured the conviction of the plaintiff before said justice by means of evidence known to said defendant to be false, or that such conviction was procured through the fraud of the defendant."

That instruction, as does the demurrer to the first count of the declaration, raises the question whether or not, in an action for malicious prosecution, the conviction of the plaintiff of the offense charged, which judgment of conviction has been reversed upon appeal and the accused acquitted, is conclusive or only *prima facie* evidence that probable cause existed for such prosecution, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false.

This question has been passed on by many of the courts of this country and different conclusions reached. Some of the courts, as in the State of North Carolina, seem to hold that such a judgment is conclusive evidence of probable cause, even though unfairly obtained. *Griffith* v. *Sellers,* 4 Dev. & Bat. 176; *Price* v. *Stanley,* 128 N. C. 38, 38 S. E. 33, 34. In the courts of some of the other States, as in Connecticut, Iowa and Minnesota, such a judgment is deemed merely *prima facie* evidence of probable cause. *Goodrich* v. *Warner,* 21 Conn. 432; *Moffitt* v. *Fisher,* 47 Iowa 473, 97 Minn. 244, 105 N. W. 638, 114 Am. St. Rep. 711. In the great majority of the jurisdictions which have passed upon the question, such a judgment is held to be conclusive evidence of probable cause, unless (as is the rule in most of the cases) such judgment was procured by fraud or undue means on the part of the defendant. See *Crescent City, &c. Co.* v. *Butchers, &c. Co.,* 120 U. S. 141, 38 L. Ed. 614, 7 Sup. Ct. 472; *Bacon* v. *Towne,* 4 Cush. (Mass.) 217; *Morrow* v. *Wheeler & Wilson, &c., Co.,* 165 Mass. 43 N. E. 105; *Herman* v. *Brookerhoff,* 8 Watts (Pa.)

55

240; *Cooper* v. *Hart*, 147 Penn. St. 594, 23 Atl. 833; *Burt* v. *Place*, 4 Wend. (N. Y.) 591; *Palmer* v. *Avery*, 41 Barb. (N. Y.) 290; *Spring & Stepp.* v. *Besore*, 12 B. Monroe (Ky.) 551; *Keye* v. *Keen*, 18 B. Monroe (Ky.) 838; *Payson* v. *Caswell*, 22 Maine 212, 226; *Thomas* v. *Muchlman*, 92 Ill. App. 571; *Adams* v. *Becknell*, 126 Ind. 210, 25 N. E. 804, 22 Am. St. Rep. 576; *Holliday* v. *Holliday*, 123 Cal. 26, 55 Pac. 703; *Hartshorn* v. *Smith*, 104 Ga. 235, 30 S. E. 666; *Griffis* v. *Sellers*, 19 N. C. 492, 31 Am. Dec. 422; *Boogher* v. *Hough*, 99 Mo. 183, 12 S. W. 524; *Welsh* v. *B. & P. R. Co.*, 14 R. I. 609; *Root* v. *Rose*, 6 N. D. 581, 72 N. W. 1022; *Hope* v. *Everett*, 17 Q. B. Div. 338; *Reynolds* v. *Kennedy*, 1 Wils. 232; Newell on Malicious Prosecution, pp. 299-300; 1 Cooley on Torts (3rd ed.) 333-4; 2 Greenleaf on Ev. (15 ed.), sec. 457; Freeman's note to *Ross* v. *Hixon*, 26 Am. St. Rep. 142-3; 3 Lawson's Rights and Remedies, sec. 1093; 26 Cyc. 39-40; 19 Am. & Eng. Enc. L. (2nd ed.) 666-7; Note to *Wells* v. *Parker*, 6 Am. & Eng. Ann. Cas., p. 261.

The precise question involved in this case and now under consideration has never been raised and passed upon by this court in any case officially reported. In the case of *Blanks* v. *Robinson*, 1 Va. Dec. 600, it was held that such a judgment was merely *prima facie* evidence of probable cause. That case was never officially reported, and bears internal evidence as it seems to us, that the question involved was not very carefully considered. If it had been, the learned judge who delivered the opinion of the court would not, we think, have supposed that the same question was involved in that case as was passed upon in *Womack* v. *Circle*, 32 Gratt. 324, or that the conclusion reached was in accord with the weight of authority on the subject. The opinion is a very short one, and relies chiefly upon the reasoning of the dissenting opinion in the case of *Womack* v. *Circle*.

The question in the last-named case was not the same as

that involved in *Blanks* v. *Robinson.* The action of the justice in *Womack* v. *Circle,* held to be conclusive evidence of probable cause, was a proceeding under statutes now found in chapter 191 of Pollard's Code, by which, upon complaint made to a justice or other conservator of the peace that there is good cause to fear that a person intends to commit an offense against the person or the property of another, the justice shall issue his warrant, and when the accused is brought before him and the witnesses heard, if he be of opinion that there is *good cause for the complaint* he may require of the accused a recognizance to keep the peace and be of good behavior. The accused is, however, given the right of appeal to the court having jurisdiction of appeals from such justice, which court upon the hearing may affirm or reverse the action of the justice and dismiss the complaint. In that case the justice was of opinion that there was *good cause for the complaint,* and bound the accused over to keep the peace, etc. Upon appeal the county court held that there was not good cause for the complaint, and discharged the accused. The only question involved before the justice and the county court was whether or not there was *good cause for the complaint.* The justice held that there was; the county court that there was not. In such a case there is much to be said in favor of the view of the dissenting judges, that the opinion or judgment of the justice, that there was good cause for the complaint, ought not to be held as conclusive but merely *prima facie* evidence of probable cause, since the county court in passing upon the identical question had been of the opinion that there was not good cause for the complaint.

In the case of *Blanks* v. *Robinson,* where the warrant was for petit larceny, the justice was not merely of the opinion that there was probable cause for believing that the accused had committed the larceny, but was satisfied that he was guilty, and convicted him. The county court, upon

appeal, although it may have been entirely satisfied that there was not only probable cause for the prosecution, but a strong probability of the guilt of the accused, was bound to reverse the judgment of conviction and acquit, unless it was satisfied that he was guilty beyond a reasonable doubt.

In the one case the trial court and the appellate court passed upon but one and the same question, viz., whether or not there was good cause for the complaint, and the judgment of reversal necessarily held that there was not good cause for it. But in the other case, reversing the judgment of conviction did not show that the appellate court was of opinion that there was not probable cause for the prosecution. In the one case the courts differ as to the question of good cause; in the other the reversal of the judgment of conviction shows that they differ as to the guilt of the accused, but it does not show or tend to show that there was not probable cause for the prosecution.

The general rule is that the acquittal of the accused is not evidence of a want of probable cause. Such evidence is admissible merely to show that the prosecution has terminated. *Singer, &c., Co.* v. *Bryant,* 105 Va. 405, 418, 154 S. E. 320; Newell on Malicious Pros., 293-4; 19 Am. & Eng. Enc. L. (2d ed.) 665-6; 26 Cyc. 40-1; *Fox* v. *Smith,* 3 Am. & Eng. Ann. Cas. 110, and note. One of the reasons given why an acquittal of the accused is not evidence of a want of probable cause is that the prosecution must not only prove that the accused is probably guilty, which would show that there was probable cause for the prosecution, but it must prove that he is guilty beyond a reasonable doubt; and it would be manifestly unreasonable to hold that the failure of the prosecution to make out such a case is evidence of the want of probable cause for instituting the prosecution. An acquittal may result from some technical error or irregularity, or other cause having no bearing upon the question of probable cause. The prosecution may be unable to produce a

witness, and many other facts and circumstances may exist which, while having a bearing on the action of the trial court in acquitting, have no bearing whatever on the question of probable cause. See last case cited, and note to *Lindsay* v. *Couch*, 16 Am. & Eng. Cas. Ann., pp. 65-6, and cases cited.

The conclusion reached in *Blanks* v. *Robinson* is not only contrary to the current of authority, but is, as it seems to us, untenable upon principle. The court, in giving its reasons for that conclusion, says: "The ground upon which the cases which hold the contrary doctrine are rested is that the judgment of conviction is evidence of such high character that it constitutes an estoppel which concludes all further inquiry into the facts and circumstances of the case. It leaves entirely out of view the facts that this very judgment may have been procured by the fraud of the prosecutor, the ignorance and incompetency of the justice, and gives to a judgment which has been reversed and vacated the same force and effect as a judgment which has never been reversed or assailed. It not only ignores one of the cardinal doctrines applicable to estoppels, namely, that all estoppels must be mutual, but it violates the principle that the records of the proceedings in a criminal trial are never to be taken as conclusive of the facts upon which it is based in a civil action. For these reasons we regard any rule which would make such a judgment conclusive evidence of probable cause . . . as too arbitrary to effect justice between the parties."

The true ground upon which such a judgment is held to be conclusive evidence of probable cause is not upon the principle of estoppel, within the ordinary or technical meaning of that term, but upon the principle that when the prosecuting witness or the person who has started the prosecution acts upon facts which are of such a character as that when they are stated to a calm and dispassionate person

capable of judging, they lead him to believe that the person charged is guilty, they are such as make out a case of probable cause upon which the prosecuting witness or prosecutor has the right to act. It is upon this principle that the doctrine recognized in most jurisdictions and in this State, that the advice of a reputable attorney at law, properly sought and acted on in good faith, constitutes probable cause as a matter of law, and furnishes a complete defense to an action of malicious prosecution. *Jones* v. *Morris,* 97 Va. 43, 33 S. E. 377; Newell on Malicious Prosecution, pp. 309, &c. See *Evans* v. *Atl. Coast Line Ry. Co.,* 105 Va. 72, 53 S. E. 3; Note to *Korg* v. *Apple River Power Co.,* 11 Am. & Eng. Ann. Cas. 951, 954-6.

"So," as has been said (Newell on Mal. Pros., at p. 255), "where the judgment of conviction is appealed from, and an acquittal had, if the prosecuting witness presented the facts to one court competent to try the cause and the court found the defendant guilty, it makes out a case of probable cause and exonerates him from liability, though the court erred in its judgment. This is undoubtedly the true rule. It is the duty of citizens, when they are in possession of facts which when fully and fairly presented to a calm and dispassionate lawyer, capable of determining whether such facts constitute a crime such as should be prosecuted and punished, or sufficient, when presented to a court having jurisdiction to try the offense, to lead the court to act upon them and find the defendant guilty, to take legal steps for the punishment of such offenders; and they should, when they act in good faith upon such facts, be exonerated from any liability in an action for malicious prosecution.

The reason why such advice of counsel or such judgment of conviction by a court having jurisdiction to try is held to be a complete defense to an action of malicious prosecution is no more upon the principle of estoppel in the latter case than in the former. The true ground upon which it is

held that such advice or such conviction is a complete defense is because the attorney in the one case and the court in the other are persons, by reason of their capacity or their official position, presumed to be capable of judging of the facts in their legal bearing. It may be and no doubt is true in some instances that justices are not highly qualified for the performance of their important duties, but this court cannot on that account adjudge as incompetent and unfit for the performance of their duties that large class of judicial officers upon whom the General Assembly, in its wisdom, has seen proper to confer not only jurisdiction for the trial of all cases of misdemeanor, but exclusive original jurisdiction of almost all such cases.

But if the reasoning of the court, in *Blanks* v. *Robinson*, were sound, that the judgment of the trial court cannot be regarded as conclusive evidence of probable cause, because to do so would violate the principles applicable to the doctrine of estoppel, then the reasoning applies with equal force to a judgment of conviction rendered in a circuit or corporation court which has been reversed upon a writ of error to this court and the accused subsequently acquitted. If it be held to be the law that a verdict of guilty by a jury and a judgment of conviction in a circuit or corporation court, where that judgment is reversed upon a writ of error and the accused subsequently acquitted, is not conclusive evidence of probable cause, few persons would dare make the effort to put in motion proceedings to enforce the criminal laws of the State; for to do so would cause such person, wherever the final result was the acquittal of the accused, to run the risk of vexatious litigation and probably subject him to heavy damages. Few men would be expected or willing to incur such hazards. Besides, it would be an anomaly if not an absurdity to hold that the advice of counsel properly obtained and followed in good faith before making an effort to set in motion criminal proceedings

would be conclusive evidence of probable cause, and a complete defense, yet that, upon a full presentation of the facts by both the prosecution and the accused upon the trial, the verdict of guilty by a jury approved by the judgment of the trial judge is, if reversed and the accused finally acquitted, merely *prima facie* evidence of probable cause. By what process of reasoning or rule of logic is the judgment of the circuit or corporation court, upon a full presentation of all the facts by both sides, to be considered as of less weight as evidence of probable cause than the opinion of counsel upon an *ex parte* statement of the facts by the prosecutor? Yet such is the logical result of the reasoning in *Blanks* v. *Robinson.*

It would seem to follow necessarily, therefore, that either the advice of counsel, under the circumstances indicated, must be held not to be conclusive evidence of probable cause, or the judgment of the trial court must be, unless improperly procured.

Another ground relied on in *Blanks* v. *Robinson* to show that the judgment of the trial court should not be treated as conclusive evidence of probable cause, is because the court in that case "left entirely out of view the fact that this very judgment may have been obtained through the fraud of the prosecutor." Neither the trial court in that case nor the opinion of the court in *Womack* v. *Circle,* which was overruled, holds that the judgment of the trial court should be considered as conclusive evidence of probable cause if procured by the fraud of the prosecutor, but on the contrary the trial court, in *Blanks* v. *Robinson,* had instructed the jury, in effect, that the justice's judgment was not conclusive evidence of probable cause, if procured by the fraud of the prosecutor, and that was the view of this court in *Womack* v. *Circle,* as clearly appears from its opinion. See pp. 338-9, 32 Gratt.

Another ground relied on in the dissenting opinion in

*Womack* v. *Circle,* why the judgment of the justice should not be treated as conclusive evidence of probable cause is that in exhibiting articles of peace and in other criminal proceedings, the accused is bound over or convicted by the justice upon the testimony of the prosecutor alone, when the mouth of the accused is closed. Whatever merit there may have been in that reason at that time, it has lost much if not all of its force by the change in the law made since that decision was rendered, by which the accused, in all cases of felony or misdemeanor, is entitled to testify in his own behalf. Code, sec. 3897.

Upon principle, as well as upon authority, it seems to us that if there be a conviction by a justice or other trial court having jurisdiction of the case, which is reversed upon appeal or writ of error and the accused acquitted, such judgment of conviction in an action for malicious prosecution should be held to be conclusive evidence of probable cause, unless it be shown that it was procured by the defendant through fraud or by means of testimony which he knew to be false.

This is substantially the doctrine approved in the case of *Crescent City, &c. Co.* v. *Butchers Union, &c. Co., supra,* by the Supreme Court of the United States, after a review of a number of the conflicting decisions on the subject. The conclusion reached by the court in that case, in our opinion, does, to a great extent, as that court said, seem "to reconcile the apparent contradiction in the authorities, and states the rule which we think to be well grounded in reason, fair and just to both parties, and consistent with the principle on which the action for malicious prosecution is founded."

It follows from what has been said that we are of opinion that the circuit court erred, not only in refusing to give instruction No. 3 offered by the plaintiff in error, but also erred in overruling the demurrer to the first count of the declaration. That count fails to aver that the judgment of

56

conviction by the justice, which is alleged, was procured by the defendant through fraud or by means of testimony which he knew to be false. Having alleged such conviction in the count, an allegation which would destroy the conclusiveness of the conviction was indispensable, for unless made, as was said in *Spring* v. *Besore,* 12 B. Monroe (Ky.) 551, 555, the other facts stated "establish the existence of probable cause, and the count is suicidal." See also *Carpenter* v. *Sibley,* 153 Cal. 215, 94 Pac. 879, 15 L. R. A. (N. S.) 1143, 126 Am. St. Rep. 77, 15 Am. & Eng. Ann. Cas. 482, and note 486 and cases cited.

The other assignments of error need not be considered, as the precise questions raised by them are not likely to arise upon another trial.

The judgment of the circuit court must be reversed, the verdict of the jury set aside, the demurrer to the first count of the declaration sustained, and the cause remanded, with leave to the plaintiff to amend his declaration if he be so advised, and for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*