## Wytheville

### CRAFT V. MOLONEY BELTING COMPANY AND OTHERS.

#### June 10, 1915.

1. MALICIOUS PROSECUTION—*Conviction Obtained by Fraud—What Declaration Must Aver.*—In an action for malicious prosecution, a declaration which alleges, amongst other things, that the plaintiff was convicted of petit larceny by a justice of the peace, but that the conviction was reversed on appeal, and that the defendants, "by means of evidence which they knew to be false" caused the plaintiff to be so convicted, without setting forth what that evidence was, or the defendants' connection therewith, is bad on demurrer. The allegation is, at most, only a conclusion of law, and not an averment of fact. It was absolutely essential to the plaintiff's right of action that he should have averred either that the defendants gave the false evidence, or that they procured it to be given, neither of which was done. The declaration should also have averred what the "false evidence" was.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the defendants. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*J. Edward Cole* and *Fred C. Abbott,* for the plaintiff in error.

*W. H. Venable* and *R. E. Miller,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

The plaintiff in error, Luther Craft, was arrested, tried and found guilty by the police justice of the city of Norfolk of petit larceny upon a warrant issued by a justice of the peace of said city, upon the complaint of the defendant in error, James Moloney, trading as Moloney Belting Company, and Albert E. Anderson, charging the accused with grand larceny of certain goods and chattels of the value of fifty dollars. Upon an appeal to the Corporation Court of the city of Norfolk the judgment of the police justice was reversed and the accused acquitted; and thereupon he instituted this action of trespass on the case against defendants in error for malicious prosecution.

The declaration in the case was twice amended, and to the second amended declaration there was a demurrer, which the court sustained and dismissed the case, the plaintiff declining to further amend his declaration.

The declaration as amended sets out the issuance of a warrant, the arrest of the plaintiff, the search of his residence, resulting in injury to his wife, makes claim for her mental anguish, loss of her services and companionship, etc., and then alleges that the plaintiff was taken before the police justice, "and there the said defendants, by means of evidence which they knew to be false, caused the said plaintiff to be convicted of petty larceny." Then is set out the appeal and acquittal of the plaintiff.

Several grounds were relied on as sustaining the demurrer, but we deem it only necessary to consider three of them, namely: (1) The declaration sets out a conclusion of law and not of fact; (2) it does not set out the false statements which it is alleged that the defendant knew to be false; and (3) it discloses on its face that the defendants had probable cause.

61

In *Saunders* v. *Baldwin*, 112 Va. 431, 71 S. E. 620, 34 L. R. A. (N. S.) 958, Ann. Cas. 1913 B, 1049, it was held a declaration in an action for malicious prosecution which shows on its face that the plaintiff was convicted, but fails to allege that such conviction was procured by the defendant by fraud or by means of evidence which he knew to be false, is bad on demurrer.

The declaration in this case, in order to avoid the force and effect of the disclosure upon its face that the plaintiff was by the police justice found guilty of the crime which is the basis of this action, so amended his declaration as to make his charge read, "and there the said defendants, by means of evidence which they knew to be false, caused the said plaintiff to be convicted of petty larceny." The sole question, therefore, for consideration here is, whether that allegation is sufficient to meet the requirements of such a declaration, as set forth in the case of *Saunders* v. *Baldwin, supra.*

In *Phillips* v. *Village of Kalamazoo,* 53 Mich. 33, 18 N. W. 547, the pleading showed a conviction, and the court said: "As a general rule a conviction before a magistrate is a bar to malicious prosecution, and if the party complaining relies on an exception to it, he must allege the facts which create the exception. Cooley, Torts, 185."

And in *Blucher* v. *Zonker,* 19 Ind. App. 615, 49 N. E. 911, the complaint charged that the conviction was obtained through fraud and in addition to using the word "fraud" it was alleged that the plaintiff had not committed any crime, and that the defendant knew this, but in order to coerce plaintiff into settling a civil controversy, had instituted the prosecution; and the court held, that "The facts stated do not show fraud or collusion."

As it seems to us, the charge in the declaration here, that the defendants, by means of evidence which they knew to be false, caused the plaintiff to be convicted, is merely

a conclusion of law to be drawn from the facts, namely, that the defendants themselves testified, or that they suborned other persons to do so, either or both, and that the false statements were material and not collateral. But the declaration does not do this. It does not charge that the defendants testified at all, nor is it charged that the defendants procured others to testify falsely; it merely states that false testimony was given which the defendants knew to be false. When and how the defendants knew of the falsity of this testimony is not stated, nor is it stated how, under what circumstances and by what means the defendants procured the conviction of the plaintiff by false swearing. The false statements may not have been made at their request, and they may not have known that they would be made; so that under the well established rule, that a pleading must be construed most strongly against the pleader, the declaration merely states that at the trial testimony known to the defendants to be false was given—not that the defendants gave or procured it to be given, one or the other of which, as it seems to us, is absolutely essential to the plaintiff's right of action. The declaration does not even set forth that the defendants were present at the trial before the police justice when the plaintiff was convicted.

It has been over and over held that facts in such a declaration must be pleaded, and not merely conclusions of law. The object of a declaration is to set forth the facts which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment upon the jury's verdict. *B. & O. R. Co.* v. *Whittington's Admr.*, 30 Gratt. (71 Va.) 805; *Hortenstein* v. *Virginia-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996.

In *Eaton* v. *Moore*, 111 Va. 403, 69 S. E. 327, the opinion says: "It is an elementary rule of pleading that a declaration must allege material facts sufficient to show a complete right of action in the plaintiff. The facts must, moreover, be distinctly and not inferentially alleged, and must be set forth with definiteness and certainty."

Had the declaration in this case charged that the conviction was obtained by fraud, instead of merely by testimony which the defendants knew to be false, under the rule laid down in *Dickenson* v. *Bankers Loan Co.*, 93 Va. 498, 25 S. E. 548, the charge of fraud without stating the facts which constituted the fraud, would have been insufficient. By electing to set up that the conviction was obtained by testimony which the defendants knew to be false, the plaintiff brought his case within the rules governing an action for false representations, and in that class of cases it is well settled the false representations must be set out. 20 Cyc. 98; *Scott* v. *Boyd*, 101 Va. 28, 42 S. E. 918.

It might well be asked in this case, as there is nothing in the declaration to give that information, who gave the false testimony, the defendants or others? If others, did the defendants suborn them to testify falsely? What were the false statements? All which information the defendants were entitled to, and those facts were essential, not only to the plaintiff's right of recovery, but to his right to maintain his action.

In *Crescent City, &c. Co.* v. *Butchers' Union, &c. Co.*, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614, Mr. Justice Matthews, in discussing the rule which declares that the judgment or decree of a court having jurisdiction of the parties and of the subject matter, in favor of the plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal, says, that the rule "was not established out of any special regard to the person of the party," and that

"it will avail him as a complete defense in an action for malicious prosecution, although it may appear that he brought his suit maliciously for the mere purpose of vexing, harassing, and injuring his adversary. The rule is founded on deeper grounds of public policy in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them. The rule, therefore, has respect to the court and to its judgment, and not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force. It is equally true and equally well settled in the foundations of the law that neither misconduct nor demerit can be imputed to the court itself. It is an invincible presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly. The record of its proceedings imports verity; its judgments cannot be impugned except by direct process from superior authority. The integrity and value of the judicial system, as an institution for the administration of public and private justice, rests largely upon this wholesome principle."

In speaking of the rule as not justifying a general and indefinite mode of declaring, admitting of almost any proof, the opinion in *B. & O. R. Co.* v. *Whittington, supra,* has this to say: "A declaration can, however, subserve no good purpose unless it be sufficiently specific to inform the adverse party of the ground of the complaint. If it is deficient in that particular, it may as well be dispensed with altogether. The plaintiff is presumed to have some knowledge of the facts upon which his action is founded. If he is in doubt as to the precise nature of the evidence, he may

frame his declaration with different counts, varying his statements to meet every possible phase of the testimony."

The declaration in the case in judgment contains but one count and in the light of the authorities to which we have referred, is wholly insufficient to meet the requirements of a declaration in such a case. The judgment of the Court of Law and Chancery of the city of Norfolk, sustaining the demurrer thereto and dismissing the case, is plainly right and must be affirmed.

*Affirmed.*