## Richmond.

### KLAFF V. VIRGINIA RAILWAY AND POWER COMPANY.

January 11, 1917.

Absent, Prentis, J.*

1. MALICIOUS PROSECUTION—*Probable Cause—Pleading.*—A declaration in an action for malicious prosecution charged that the defendant maliciously and without any reasonable or probable cause instigated and procured the plaintiff to be indicted and tried for grand larceny; and that upon the trial plaintiff was acquitted and the prosecution finally ended.

   *Held:* That this declaration was sufficient; and that it is not necessary where the declaration discloses an indictment by a grand jury, in addition to alleging a want of probable cause, to set out the evidence upon which that averment is predicated.

2. PLEADING—*Conclusions of Law.*—The allegation in a declaration in an action for malicious prosecution that the prosecution was without probable cause, is not merely the assertion of a conclusion of law. It is the allegation of an ultimate fact.

3. ULTIMATE FACTS.—"Ultimate facts" are defined as: Facts in issue as opposed to probative or evidential facts, the latter being such as serve to establish or disprove the issue.

4. MALICIOUS PROSECUTION — *Probable Cause — Pleading.*—Where, however, plaintiff was convicted of the crime for which he was prosecuted, a different principle applies. In case of conviction the presumption of the existence of probable cause is not merely *prima facie*, but conclusive, unless the conviction is alleged and proved to have been procured by the defendant through fraud or by means of evidence which he knew to be false.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

---

* Submitted before Judge Prentis took his seat.

*Rumble & Campe,* for the plaintiff in error.

*R. E. Miller, W. H. Venable* and *H. W. Anderson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the plaintiff in error against the defendant in error to recover damages for a malicious prosecution. The declaration, upon the point involved, charges that the defendant maliciously and without any reasonable or probable cause instigated and procured the plaintiff to be indicted by the grand jury of the Corporation Court of the city of Norfolk for grand larceny, etc., and caused the plaintiff to be tried for that offense; and that upon the trial the plaintiff was acquitted and the prosecution finally ended.

The trial court sustained a demurrer to the declaration; and, the plaintiff having declined to amend, the judgment under review was entered, dismissing the action.

It is admitted that the finding of an indictment by a grand jury is *prima facie* evidence of probable cause; and the single question to be determined is whether, under the practice in this State, it is necessary, where the declaration discloses an indictment by a grand jury, in addition to alleging a want of probable cause, to set out the evidence upon which that averment is predicated.

The essentials of the action for malicious prosecution are thus stated in Burks' Pl. & Pr., p. 233: "The form of action is trespass on the case generally. In order to sustain the action it must be alleged and proved: (1) That the prosecution was set on foot by the now defendant, and that it has terminated in a manner not unfavorable to the now plaintiff; (2) that it was instituted, or procured by the co-operation of the now defendant; (3) that it was without probable cause; and (4) that it was malicious."

There is no suggestion in the text that in such case matters of evidence which merely go to establish the constituent elements of the action are required to be set out in the declaration. To the contrary the learned author (p. 946) lays down as a subordinate rule of pleading, that "it is not necessary in pleading to state that which is merely matter of evidence." At pp. 947-948 he observes: "This is a rule, so elementary in its kind and so well observed in practice, as not to have become frequently the subject of illustration by decided cases; and (for that reason probably) is little if at all noticed in the digests and treatises. It is, however, a rule of great importance, from the influence which it has on the general character of English pleading; and it is this, perhaps, more than any other principle of the science, which tends to prevent that minuteness and prolixity of detail in which the allegations, under other systems of judicature, are involved."

But we need not invoke "modern instances" to support the declaration in this case. It follows literally, in the matter drawn in question by the demurrer, the form given in 2 Chitty on Pleading (6th Am. Ed.), p. 612-d—a work that has been the *vade mecum* of the Virginia lawyer for more than three-quarters of a century, and is the accredited source of many valuable forms found in the appendix to 4 Minor's Institutes, Pt. II, p. 1307.

The contention of defendant in error rests upon the fundamental error that the allegation in the declaration that the prosecution was without probable cause, is only the assertion of a conclusion of law. It fails to distinguish between the allegation of a fact which constitutes the cause of action, and the evidence which upon the trial is required to prove the existence of such fact. The former is an *ultimate fact* which must be pleaded, while the latter is mere matter of evidence which has no place in the pleadings. *"Ultimate Facts"* are defined as, "Facts in issue as opposed to probative or evidential facts, the latter being such as serve to

establish or disprove the issue." 2 Bouvier's Law Dict. (Rawle's Rev.) 1152.

Of course, a different principle applies where there has been a conviction, in which case the presumption of the existence of probable cause is not merely *prima facie* but *conclusive,* unless it is alleged and proved to have been procured by the defendant through fraud or by means of evidence which he knew to be false. The cases of *Saunders* v. *Baldwin,* 112 Va. 431, 71 S. E. 620, 34 L. R. A., N. S. 958, Ann. Cas. 1913 B, 1049, and *Craft* v. *Moloney Belting Co.,* 117 Va. 480, 85 S. E. 486, represent types of the latter class.

Where the declaration simply alleges that the plaintiff was convicted of the crime for which he was prosecuted, obviously it states no cause of action. Therefore, in such case, it is essential to repel the otherwise conclusive presumption of probable cause arising from the judgment of conviction, both by averring and proving that the conviction was procured by the defendant by fraud or by means of evidence which he knew to be false.

Rightly interpreted, the case of *Saunders* v. *Baldwin, supra,* is authority for the sufficiency of the declaration in the instant case. The first count in that case alleged a want of probable cause, but it furthermore showed a judgment of conviction by the justice, which afterwards on writ of error was reversed and the accused discharged. And the controlling question there was whether the original conviction established *conclusive* or only *prima facie* evidence of probable cause. Judge Buchanan, in a convincing opinion, shows that the conviction by the justice was *conclusive evidence* of probable cause, and for *that reason* held that the first count, which failed to aver that the conviction was procured by the defendant through fraud or by means of evidence which he knew to be false, was bad on demurrer.

We have not deemed it necessary to review outside authority on what we conceive to be a well-settled rule of Virginia practice. Nevertheless, an examination of the

cases to which our attention has been drawn shows that the weight of authority and "the rule of reason" sustain the declaration in this case.

For these reasons, the judgment under review must be reversed, and this court will enter such judgment as the trial court ought to have entered, and will overrule the demurrer to the declaration and remand the case for further proceedings.

*Reversed.*