## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Ronald H. Whitley

v.

John P. Connolly
and Beth A. Connolly

June 19, 1990

Case No. (Law) CL 900066

By JUDGE JAMES W. HALEY, JR.

This aspect of complex litigation comes before the court upon defendant John P. Connolly's demurrer to that portion of the Motion for Judgment alleging malicious prosecution attributable to him.

For purposes of this demurrer, the parties have stipulated:

(1) That on or about October 1, 1988, John P. Connolly appeared before a magistrate in Alexandria, Virginia, gave sworn evidence before the magistrate, and the magistrate issued a warrant charging plaintiff with a violation on that date of § 18.2-427, a misdemeanor involving telephone threats, and

(2) That subsequent thereto, the plaintiff was convicted on the warrant of a violation of § 18.2-427 by the General District Court of the City of Alexandria, and

(3) That the conviction aforesaid was appealed and, in accordance with Virginia criminal procedure, was tried *de novo* on May 23, 1989, by the Circuit Court of the City of Alexandria, which court found the plaintiff not guilty of a violation of § 18.2-427.

Those paragraphs of the Motion for Judgment pertinent to the issue raised herein are as follows:

25. Defendant J. Connolly instituted the . . . criminal proceeding without probable cause . . . .

26. Defendant J. Connolly acted intentionally maliciously, willfully, and/or with callous disregard for the plaintiff's rights . . . .

53. Defendant J. Connolly . . . [acted] . . . intentionally, willfully, with malice, and/or with callous disregard for the plaintiff's rights . . . .

In *Donahoe Construction Co., Inc. v. Mount Vernon Associates*, 235 Va. 531, 540, 369 S.E.2d 857, 862 (1988), the Supreme Court concisely stated:

An · action for malicious prosecution . . . is based upon an underlying criminal proceeding maliciously instituted without probable cause, which terminated in a manner not unfavorable to the plaintiff. *Pallas v. Zaharopoulous*, 219 Va. 751, 754, 250 S.E.2d 357, 359 (1979). *Thomas A. Bain, III v. Nelson S. Phillips, Jr.*, 217 Va. 387, 393, 228 S.E.2d 576, 581 (1976).

In *Lee v. Southland Corp.*, 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978), the Court stated that:

Probable cause in malicious prosecution actions is defined as "knowledge of such state of facts and circumstances as excite the belief in a reasonable mind, acting on the facts and circumstances, that the [party] is guilty of the crime of which he is suspected."

*See also, Giant of Virginia v. Pigg*, 207 Va. 679, 684, 152 S.E.2d 271, 275 (1967).

The "issuance of the [arrest] warrant does not conclusively prove probable cause . . . ." *Niese v. Klos*, 216 Va. 701, 705, 222 S.E.2d 798, 801 (1976). *See also, Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 443, 96 S.E. 836, 843 (1918).

An acquittal is not evidence of a lack of probable cause. *Page v. Williams,* 168 Va. 447, 191 S.E. 678 (1937); *Saunders v. Baldwin,* 112 Va. 431, 71 S.E. 620 (1911). *See also, Restatement of Torts, 2d,* Ch. 29, "Malicious Prosecution," § 667, p. 437: "The acquittal of the accused . . . is not evidence of lack of probable cause." And the guilt of the original defendant may be shown in an action for malicious prosecution, notwithstanding his acquittal on the underlying criminal charge. *Wiggs v. Farmer,* 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964); *Brodie v. Huck,* 187 Va. 485, 488, 47 S.E.2d 310, 312 (1948); 12A. M.J. *Malicious Prosecution,* § 14, n. 2, p. 471 (1989 ed.).

The Court of Appeals for the Fourth Circuit stated in *Cramer v. Crutchfield,* 496 F. Supp. 949 (E.D. Va. 1980), *aff'd.* 648 F.2d 943, 946 (4th Cir. 1981):

> Under Virginia law a conviction for the offense charged, even though subsequently reversed, dismissed, or vacated, is conclusive evidence of probable cause, unless the conviction was procured by the defendant through fraud or by means of evidence that he knew to be false.

*See also, Marsh v. Commercial and Savings Bank of Winchester, Virginia,* 265 F. Supp. 614, 620 (W.D. Va. 1967), quoting *Burks' Pleading and Practice,* § 150, p. 259 (4th Edition, 1952)[1]; *Restatement of Torts, 2d,* Ch. 29, "Malicious Prosecution," § 667, p. 437[2]; 52 Am. Jur. 2d, *Mali-*

---

[1] The conviction of a crime before a justice, though reversed upon appeal, is conclusive evidence of probable cause, unless it be shown that it was procured by the defendant through fraud, or by means of testimony which he knew to be false, and bars an action for malicious prosecution.

[2] The conviction of the accused by a magistrate or trial court, although reversed by the appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means.

*cious Prosecution*, § 179, notes 6-10, pp. 298-299[3]; *Ricketts v. J. G. McCrory Co.*, 138 Va. 548, 554, 121 S.E. 916 (1924); *Saunders v. Baldwin*, 112 Va. 431, 436, 71 S.E. 620 (1911); *Tarantino v. Griebel*, 9 Wisc. 2d 37, 100 N.W.2d 350, 86 A.L.R. 2d 1084 (1960), and cases there collected.

In 12A M.J., *Malicious Prosecution*, § 20, n. 6, pp. 477-478 (1989 Edition), the commentators state:

> A conviction, though reversed on appeal, is conclusive evidence of probable cause, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false. Before a plaintiff in an action for malicious prosecution can recover, it is necessary for him *to allege* and prove *that a conviction was obtained by the fraud or perjury of the defendant.* (Emphasis supplied.)

The allegations of the Motion for Judgment quoted [above] do not include fraud, perjury[4], or inducing another to commit perjury[5]. Moreover, each such allegation must be pleaded with particularity.

In *Craft v. Moloney Belting Co.*, 117 Va. 480, 482-483, 85 S.E. 486, 487 (1915), the Court stated:

> As it seems to us, the charge in the declaration here, that the defendants, by means of evidence which they knew to be false, caused the plaintiff to be convicted, is merely a conclusion of law

---

[3] [There is a] . . . "line of cases holding that a conviction is a criminal proceeding before a court of competent jurisdiction of the matter is conclusive evidence of probable cause for making the charge, notwithstanding the case has been reversed, unless the conviction was obtained by fraud, perjury, or other corrupt means, which latter question is one for the jury. This is the rule, not only where nothing more appears than a conviction of the trial below and an acquittal on appeal, but also where the acquittal on appeal was the result of a trial de novo in the appellate court."

[4] Section 18.2-434, Code of Virginia.

[5] Section 18.2-436, Code of Virginia.

to be drawn from the facts, namely, that the defendants themselves testified, or that they suborned other persons to do so, either or both, and that the false statements were material and not collateral. But the declaration does not do this. It does not charge that the defendants testified at all, nor is it charged that the defendants procured others to testify falsely; it merely states that false testimony was given which the defendants knew to be false. When and how the defendants knew of the falsity of this testimony is not stated, nor is it stated how, under what circumstances, and by what means the defendants procured the conviction of the plaintiff by false swearing. The false statements may not have been made at their request, and they may not have known that they would be made; so that under the well-established rule, that a pleading must be construed most strongly against the pleader, the declaration merely states that at the trial, testimony known to the defendants to be false was given -- not that the defendants gave or procured it to be given, one or the other of which, as it seems to us, is absolutely essential to the plaintiff's right of action. The declaration does not even set forth that the defendants were present at the trial before the police justice when the plaintiff was convicted.

See also, *Koch v. Seventh St. Realty Corp.*, 205 Va. 65, 135 S.E.2d 131 (1964); *Saunders v. Baldwin*, 112 Va. 431, 71 S.E. 620 (1911).

In accordance with the foregoing, defendant John P. Connolly's demurrer to that portion of the Motion for Judgment alleging malicious prosecution attributable to him is sustained.