John W. Cartwright

   v.

Stokley's Services, Inc., et al.

July 8, 2002

Case No. (Law) L02-959

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on Defendant Stokley Services, Inc.'s Motion for Summary Judgment in response to the Motion for Judgment filed against them by Plaintiff John W. Cartwright. The Motion for Judgment contains allegations in support of two counts: Count I: Malicious Prosecution and Outrageous Conduct; and Count II: Punitive Damages.

Plaintiff alleges that Defendant falsely and maliciously secured a Warrant of Arrest for Plaintiff that injured his reputation, credit, and brought him into public disrepute. Plaintiff argues that his position is furthered by the fact that he was acquitted of the associated criminal charges that were initiated by Defendants.

Defendant argues that, although Plaintiff was acquitted of the criminal charges, he was found liable on the civil warrant in debt associated with the misuse of Defendant's company gasoline credit cards and asks that the malicious prosecution claim be dismissed.

Under Virginia Rule 2:21, summary judgment is appropriate if it appears from the pleadings, orders, and admissions that the moving party is entitled to judgment. "If it appears . . . that the moving party is entitled to judgment, the court shall enter judgment in his favor." *Id.* "In considering a motion for summary judgment, a court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reasons." *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997). "Summary judgment is appropriate only when there are no material facts genuinely in dispute on a dispositive issue." *Leeman v. Troutman Builds, Inc.*, 260 Va. 202, 206, 530 S.E.2d 909, 911 (2000).

At the outset, it is noted that malicious prosecution actions are not favored in Virginia because it is felt that criminal prosecutions are essential for maintaining an orderly society and people should not be discouraged from bringing such actions for fear of subsequent civil proceedings. *Lee v. Southland Corp.*, 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978).

Therefore, in order to maintain a malicious prosecution action, it is necessary that the plaintiff allege and prove: "(1) that the prosecution was set on foot by the now defendant and that it had terminated in a manner not unfavorable to the now plaintiff; (2) that it was instituted, or procured by the cooperation of the now defendant; (3) that it was without probable cause; and (4) that it was malicious." *Wiggs v. Farmer*, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964).

In the instant case, prongs (3) and (4) are brought into issue by Plaintiff. However, contrary to Plaintiff's suggestion, an acquittal is not evidence of a lack of probable cause and the Plaintiff's guilt may be shown in an action for malicious prosecution, notwithstanding an acquittal on an underlying criminal charge. *See Page v. Wilson*, 168 Va. 447, 191 S.E. 678 (1937); *see also Saunders v. Baldwin*, 112 Va. 431, 71 S.E. 620 (1911); *Brodie v. Huck*, 187 Va. 485, 488, 47 S.E.2d 310, 312 (1948); *Wiggs*, 205 Va. at 152, 135 S.E.2d at 831.

The instant Motion for Judgment also intimates that there is a conflict as to whether or not Plaintiff had permission to use the gasoline card for his personal vehicle use and, thus, whether or not there was probable cause. However, this question was civilly resolved during the hearing at the District Court level, where it was found the Plaintiff was liable to Defendant for $600 in unauthorized purchases, from which Plaintiff did not appeal.

"Only where the facts relating to probable cause are not in dispute in a malicious prosecution action does the issue become a question of law for the

court, and, when such facts are in dispute, the issue is one of fact to be resolved by the triers of fact." *Lee*, 219 Va. at 27, 244 S.E.2d at 759. Thus, in this case, where the facts associated with the issue of probable cause were determined at the District Court level, the current issue of probable cause is a question of law for this Court.

Probable cause in malicious prosecution actions is defined as "knowledge of such state of facts and circumstances as excite the belief in a reasonable mind, acting on the facts and circumstances, that the [party] is guilty of the crime of which he is suspected." *Id.* at 26, 244 S.E.2d at 758-59 (citations omitted).

Even though the instant Plaintiff was acquitted, it can be readily determined from the existing facts that probable cause existed to charge Plaintiff with the crimes. The district court's finding that Plaintiff is civilly liable to Defendant compounds the error of Plaintiff's position.

Furthermore, the *Wiggs* court stated that proof of actual guilt is a complete defense to a malicious prosecution action. 205 Va. at 152, 135 S.E.2d at 831. Thus, where Defendant presented evidence of civil liability for the exact actions for which Plaintiff complains there existed no probable cause, there exists a reasonable inference that establishes the necessary proof of Plaintiff's guilt. This evidence thus serves as a complete defense to Plaintiff's instant action.

As to Plaintiff's complaint associated with prong (4) of the above recited test, the Virginia Supreme Court stated that "[m]alice and want of probable cause must concur. Either is insufficient without the other." *Id.* Thus, where this Court determines that there was no want of probable cause, whether or not the warrants were caused by malice is irrelevant.

Accordingly, where the evidence presented at the district court was sufficient for a finding that Plaintiff was in fact guilty of the offense for which he was acquitted and thus, where there cannot be a dispute as to any dispositive, material facts and upon the making of appropriate and reasonable inferences, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Judgment is dismissed with prejudice.