Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton,* S.J.

CHARLES F. BAKER

v. Record No. 051570    OPINION BY JUSTICE ELIZABETH B. LACY
                                          April 21, 2006
JEFFREY ELMENDORF, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

In this appeal, we decide whether a criminal conviction rendered in general district court but appealed pursuant to Code § 16.1-132 is admissible in a subsequent civil action for malicious prosecution.

I.

On May 10, 2004, Charles F. Baker filed this malicious prosecution action against Jeffrey and Dorothy Elmendorf. Baker claimed that the Elmendorfs initiated a false prosecution of Baker for stalking in violation of Code § 18.2-60.3. Baker was convicted of the charge in general district court but the conviction was reversed on appeal in the circuit court. Baker sought damages of $33,000, the amount he allegedly spent to defend himself in these proceedings.

Prior to trial, Baker submitted a motion in limine requesting that the trial court exclude all references to the general district court conviction because an appeal "annuls

* Senior Justice Compton participated in the hearing and decision of this case before his death on April 9, 2006.

the judgment of the inferior tribunal as completely as if there had been no previous trial." Gaskill v. Commonwealth, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965). Based on this Court's holding in Ricketts v. J.G. McCrory Co. 138 Va. 548, 554, 121 S.E. 916, 918 (1924), that a "conviction by a trial justice, though reversed on appeal, is conclusive evidence of probable cause" in an action for malicious prosecution, the trial court overruled the motion in limine and allowed the Elmendorfs to introduce into evidence the general district court conviction. The jury returned a verdict in favor of the Elmendorfs, and the trial court entered an order dismissing the case with prejudice. Baker timely appealed to this Court assigning error to the trial court's admission of the conviction into evidence.

## II.

To prevail in an action for malicious prosecution a litigant must prove by a preponderance of the evidence that "the prosecution was (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." Andrews v. Ring, 266 Va. 311, 322, 585 S.E.2d 780, 786 (2003) (quoting Stanley v. Webber, 260 Va. 90, 95-96, 531 S.E.2d 311, 314-15 (2000)); accord Commissary Concepts Mgmt. v. Mziguir, 267 Va. 586, 589, 594 S.E.2d 915, 917

2

(2004).  The issue in this appeal involves the admissibility of evidence offered to establish the third element of the cause of action.

In Ricketts, we held that evidence of a defendant's conviction in a court not of record[**] for petit larceny was admissible in a subsequent malicious prosecution suit against the instigator of the petit larceny charges because:  "It is settled law in this State that conviction by a trial justice, though reversed on appeal, is conclusive evidence of probable cause, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false."  Id. at 554, 121 S.E. at 918.  In making this statement we cited Saunders v. Baldwin, 112 Va. 431, 71 S.E.

---

[**] In 1973, the General Assembly enacted legislation dividing the Commonwealth into districts, consolidating the courts not of record, and renaming such courts "general district courts," with the exception of "juvenile and domestic relations courts."  See 1973 Acts ch. 546 (amending Code §§ 16.1-69.6, 16.1-69.5(d)). Prior to this time, courts not of record included "trial justices," "police justices," and "justices of the peace," while courts of record included "corporation courts," "county courts," and "hustings courts."  See former Code §§ 16-41 through 16-8 (1950)(trial justices); former Code §§ 16-124 through 16-128 (1950)(police justices); former Code §§ 39-1 through 39-6 (1950) (justices of the peace); former Code §§ 17-135 through 17-144 (1950) (corporation courts, also known as hustings courts); and former Code §§ 16.1-36 through 16.1-51 (1960) (county courts).

3

620 (1911), a case in which we explained that the policy behind this rule is based upon

> the principle that when the prosecuting witness or the person who has started the prosecution acts upon facts which are of such a character as that when they are stated to a calm and dispassionate person capable of judging, they lead him to believe that the person charged is guilty, they are such as make out a case of probable cause upon which the prosecuting witness or prosecutor has the right to act. It is upon this principle that the doctrine recognized in most jurisdictions and in this State, that the advice of a reputable attorney at law, properly sought and acted on in good faith, constitutes probable cause as a matter of law, and furnishes a complete defense to an action of malicious prosecution.

Id. at 437-38, 71 S.E. at 622.

Baker argues that despite the policy stated in Saunders and Ricketts, ensuing statutory amendments and other decisions of this Court, specifically Santen v. Tuthill, 265 Va. 492, 578 S.E.2d 788 (2003), have rendered the prior cases no longer binding precedent. In contrast, the Elmendorfs argue that Ricketts is still controlling law, Santen is distinguishable, and the probable cause element of the tort requires the admission of the judicial history of the criminal charge.

At this point, a review of the statutes and case law regarding appeals from courts not of record and the admissibility of judgments rendered in such courts is in order. In 1924, when Ricketts was decided, a criminal

4

defendant convicted of a non-felonious offense in a court not of record was entitled to an appeal of right to a court of record and a "trial by jury in the same manner as if he had been indicted for the offense in said court," Code §§ 4989, 4990 (1919). Neither the statutory language nor our decisions, however, established the manner in which that appeal was to be heard; in other words, whether it was to be heard de novo.

In 1926, in Cooper v. Town of Appalachia, 145 Va. 861, 864, 134 S.E. 591, 592 (1926), this Court appeared to answer that question in the negative, holding that by entering a guilty plea in a court not of record, a defendant waived his right to an appeal. However, we reconsidered and overruled our decision in Cooper in 1934 when we decided Dickerson v. Commonwealth, 162 Va. 787, 173 S.E. 543 (1934). Though the language of the statutes governing appeals from courts not of record had not changed significantly at that point, we held:

> Under these statutory provisions upon an appeal from the judgment of a justice or trial justice the case is to be tried de novo as if it were being tried upon an information or indictment brought before the circuit court in the first instance; that is, the appeal is in effect a statutory grant of a new trial to the accused to be had before the circuit court. . . .
>
> [U]nder statutes such as the Virginia statutes a plea of guilty entered before a justice of the peace does not operate to waive or bar the right of the accused to an appeal.

5

Id. at 793-94, 173 S.E. at 546.  Four years later, in 1938, the General Assembly amended Code § 4989 specifically to provide for an appeal "de novo" from courts not of record. See 1938 Acts ch. 53.  It then added to former Section 4989 in the 1950 recodification the principle that a guilty plea in a court not of record did not waive the right to a de novo appeal.  See Former Code § 16-6 (1950) (granting right to appeal irrespective of guilty plea); former Code § 16-10 (1950) (prescribing trial de novo on appeal).

Since the 1950 recodification, the language of the Code provisions has remained virtually the same, see Code §§ 16.1-132, -136 (2003), but as we have been presented with new circumstances involving appeals from courts not of record to circuit courts, we have continued to develop the implications of a de novo appeal, specifically that an appeal of a general district court decision negates any judgment entered in that prior proceeding.

For example, Gaskill involved the nature of a conviction that had been appealed de novo to a court of record.  206 Va. at 487, 144 S.E.2d at 294.  The defendant sought to overturn her criminal jury conviction in a court of record on the grounds that her conviction by the judge in the court not of record was unconstitutional because she had a right to trial

6

by jury for the offense charged.  Id.  We rejected this argument, explaining that an appeal from the court not of record to the court of record "annuls the judgment of the inferior tribunal as completely as if there had been no previous trial [and] it is reversible error to permit such judgment to be introduced in evidence before the jury on a trial of the case on appeal."  Id. at 490, 144 S.E.2d at 296.  Therefore, the defendant was not denied a right to a jury trial.

The principle that the appeal de novo negates the prior proceeding has not been limited to circumstances involving the appeal of a criminal conviction.  In Santen, we considered whether a guilty plea in the general district court that was appealed and reversed on appeal was properly excluded from evidence in a subsequent civil action.  265 Va. at 496, 578 S.E.2d at 790.  We concluded that under these circumstances the guilty plea was not admissible "[s]ince an appeal under Code § 16.1-132 'annuls or wipes out' a guilty plea entered in district court, [thus] there no longer exists a guilty plea that, otherwise, would be admissible in a subsequent civil proceeding under the provisions of Code § 8.01-418."  Id. at 497, 578 S.E.2d at 791.  For the same reason, the guilty plea was also inadmissible as a party admission or prior inconsistent statement, although testimony in the general

7

district court was not "wiped out" and would be admissible in the civil case. Id.

From the foregoing discussion, it is clear that since Ricketts, the General Assembly has amended the Code of Virginia and we have issued opinions examining the nature of the de novo appeal and more clearly defining its scope. The General Assembly's codification of trials "de novo" in 1938 and its inclusion of guilty pleas as appealable judgments in 1950, and our explanation that de novo appeals "annul[] the judgment of the inferior tribunal as completely as if there had been no previous trial," Gaskill, 206 Va. at 490, 144 S.E.2d at 296, and "wipe[] out" guilty pleas, Santen, 265 Va. at 497, 578 S.E.2d at 791, compel us to conclude that Baker's conviction in the general district court which was appealed and reversed on appeal should not have been admitted in evidence.

Finally we reject the Elmendorfs' remaining argument that, regardless of these cases and statutory changes, Ricketts should still control this case because an action for malicious prosecution requires an examination of the judicial history of the criminal charge. The case law and statutes establishing the principles of de novo review do not distinguish among the bases for the judgment in general district court from which the appeal is taken, for example,

8

whether the defendant entered a guilty plea or was convicted; nor do they consider the nature of the subsequent proceeding, for example whether the case involved the de novo appeal of the criminal case or a subsequent civil case. Whenever a defendant exercises his rights under Code § 16.1-132 and a conviction in general district court is appealed, the fact of that conviction is not admissible in the appeal or in a subsequent civil proceeding.

For these reasons, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>