# Richmond

## A. E. TATE, ETC. V. ATLANTA OAK FLOORING COMPANY, A CORPORATION, ET AL.

March 2, 1942.

Record No. 2498.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states ahe case.

*John W. Fussell,* for the plaintiff in error.

No appearance for the defendants in error.

BROWNING, J., delivered the opinion of the court.

A. E. Tate, trading as A. E. Tate Lumber Company, sued the Atlanta Oak Flooring Company, claiming the sum of $330.00 alleged to be due it for the failure of the defendant to perform its contract with the plaintiff.

It was proven that A. E. Tate was the sole owner of the company bearing his name. The principal ground of defense, and the one with which we are alone concerned, is that the plaintiff operates under a trade name and, having failed to comply with the requirements of section 4722(1) of the Code of Virginia, it was operating in violation of law, and therefore any contract made by it is illegal and no recovery could be had thereon. The court sustained this defense, holding that the trade name under which the plaintiff operated is an assumed or fictitious one.

The section provides that:

"No person nor corporation shall conduct or transact business in this state under any assumed or fictitious name unless such person or persons or corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each and every person or corporation owning the same, with their respective post office and residence addresses, and where the corporation is a foreign corporation the date of the certificate of authority to do business in Virginia issued to it by the State Corporation Commission, and file the same in the office of the clerk of the court in which deeds are recorded in the county or corporation wherein the business is to be conducted.

\* \* \* \* \* \* \*

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not exceeding $1,000.00, or imprisonment not more than one year, or both."

The crux of the matter is this: Was the plaintiff operating and conducting his business under an assumed or fictitious name, within the meaning and intent of the statute? We think it is manifest that he was not. It has been said that the object of such statutes is to protect the public by

giving information as to the person with which it deals and to afford it protection against possible fraud and deceit.

The courts have quite universally held that statutes of this kind are to be strictly construed, bearing in mind, always, their intent and purpose. The courts are not to defeat the legislative will, by a refined and technical interpretation, if the purpose can be effected by a fair construction of them, yet they are not, by indulging in a liberal interpretation, to extend them to the point of applicability to cases which are not clearly within their provisions. These statutes are in derogation of the common law and are generally of a penal nature, hence the strict construction rather than a liberal one. American Jurisprudence, volume 38, page 603, section 14.

In the same work, volume 38, page 607, section 24, is this:

"Under a statute requiring individuals transacting business under a fictitious name, or a designation purporting to be a firm or corporate name, to file a certificate, the certificate is not required if the name under which the business is transacted fairly discloses the true name of the individual, or of each partner, as the case may be; on the contrary if the name used does not make this disclosure, it is fictitious within the meaning of the statute. * * * It has also been held that where the designation under which a business is being conducted consists of the surname of the proprietor or proprietors, with the addition of the words 'and Company' or '& Co.', preceded by a word descriptive of the nature of the business, the name is not within the statutes."

In this case, the sole owner or proprietor of the plaintiff is A. E. Tate. Certainly the trade name, "A. E. Tate Lumber Company", sufficiently disclosed the true name of the individual transacting the business. Adding the words "Lumber Company" did not take from this conception of the meaning of the trade name. They were simply descriptive of the character of its business and constitute additional and important information to the public. Under the most meticulous view of the thing not even a semblance of fraud or deceit can be seen. Nor is there anything fictitious or unreal about it. The name, without assumption of any sort,

reveals the identity of the individual transacting the business and discloses its nature. This being so, the statute, which has its basis upon the conduct of business in this state under an assumed or fictitious name, cannot have any application to the situation in this case.

In a valuable note appended to the case of *Kusnetzky* v. *Security Ins. Co.*, 313 Mo. 143, 281 S. W. 47, 45 A. L. R. 189, 262, the annotator makes this note:

"The designation 'George W. Merrill Automobile Company', under which a person by this name alone conducted the business of keeping automobiles for hire, was held in *Merrill* v. *Caro Investment Co.* (1912) 70 Wash. 482, 127 Pac. 122, to disclose the full, true and real name of the owner, who was, therefore, not within the provision of the Washington statute that no persons should transact business under an assumed name or under a designation, name, or style other than the true and real name or names of the person or persons conducting the business, without filing a certificate."

We had the construction of the statute which we are now considering before us in the case of *Colbert* v. *Ashland Const. Co.*, 176 Va. 500, 11 S. E. (2d) 612. There the plaintiff's name was L. R. Colbert, and he was conducting his business under the trade name of Virginia Construction Company, and in holding that he was violating the law, we said:

"Colbert, trading as Virginia Construction Company, cannot recover, not because his claim is without merit, but because he has failed to do those things which the statute says that he must do. The benefit which the defendant has received is incidental and accidental. The law of contracts is not interested in helping him, but in curbing the plaintiff; in this instance enacted to prevent fraud and for a public purpose."

It is at once seen that that case is not at all the case we have in hand. The trade name there did not show that Colbert had anything to do with it. In that case, there was also the question as to whether the terms of the statute made the contract illegal. It was said, quoting with ap-

proval from Restatement of the Law, volume 2, On Contracts, section 580, that "it is generally true that the imposition of a penalty for entering into a bargain or performing an act that is the subject matter of the bargain makes the bargain illegal, but that is not invariably the case."

We are not dealing with that question here. The trade name with which we are concerned simply does not come within the meaning or intendment of the statute.

We reverse the judgment of the trial court and remand the case to it for such proceedings, not inconsistent herewith, as it may be advised.

*Reversed and remanded.*