# Wytheville

A. F. MATTHEWS, ETC. V. FANNIE P. BARFIELD, AND OTHERS.

June 8, 1942.

Record No. 2525.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Carlton E. Holladay* and *T. N. Crymes*, for the appellant.

*Ernest W. Goodrich*, for the appellees.

HOLT, J., delivered the opinion of the court.

In this cause A. F. Matthews, trading as Matthews Mule Company, is seeking to recover from Fannie P. Barfield, also known as Mrs. W. E. Barfield, Bernard McCoy Barfield, Lathan E. Barfield, and Elbert O. Cockes, sheriff, and as

such administrator of the estate of Benjamin F. Barfield, a debt there set out and to subject certain real estate, in the bill described, to its payment.

To the complainant's bill a demurrer was interposed, together with a motion to dismiss, the reasons therefor being:

"A. F. Matthews, trading as the Matthews Mule Company, is suing in this case to set aside a conveyance and to subject the property so conveyed as well as the other property owned by Bernard McCoy Barfield to the payment of a bond signed by Mrs. W. E. Barfield, McCoy Barfield and Ben Barfield, dated February 20, 1930, payable to the Matthews Mule Company. Your respondents say that on February 20, 1930, the complainant had not filed the certificate required by Section 4722 (1) of the Code of Virginia, and, therefore, that the transaction on which this suit is based is illegal and hence void. Your respondents further state that the papers filed by the complainant in this case will show that the said certificate required by Section 4722 (1) of the Code was not filed until the 8th day of January, 1941, which day is not only subsequent to the time the transaction took place, but subsequent to the time suit was instituted."

The motion to dismiss was sustained: The court, in the course of its decree, said:

"Whereupon it appearing to the court that the complainant had not filed the certificate as required by Section 4722 (1) of the Code of Virginia at the time that the transaction involved in the suit took place and that such failure to file said certificate rendered the transaction on which this suit is based illegal and hence void, it is therefore ordered, adjudged, and decreed that the demurrer and the motion to dismiss be sustained."

This cause is controlled by the late case of *Tate* v. *Atlanta Oak Flooring Co., ante,* page 365, 18 S. E. (2d) 903.

For that reason the decree of the lower court is reversed and it is remanded to be heard upon its merits.

*Reversed and remanded.*