# Richmond

SEIGFRIED NIESE v. OLGA L. KLOS.

March 5, 1976.

Record No. 750118.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Stanley P. Klein* (*Nicholas Kapnistos*, on brief), for plaintiff in error.

(*H. Richard Chew*, on brief), for defendant in error.

Case submitted on brief for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Plaintiff, Seigfried Niese, filed his motion for judgment in the trial court against defendant, Olga L. Klos, seeking damages for alleged false arrest, false imprisonment, and malicious prosecution. By demurrer defendant contended that the motion for judgment was insufficient because it did not allege that the arrest warrant, on which it was based, was issued contrary to law, thus permitting the inference that probable cause "was determined judicially", and it did not allege that the facts sworn to in support of the warrant were untrue. The trial court sustained defendant's demurrer on the ground that the motion for judgment was "fatally defective", refused plaintiff's motions to amend, and dismissed the action without prejudice. Niese has appealed.[1]

In his motion for judgment Niese alleged that on January 4, 1974, defendant did "maliciously and without probable cause swear out a warrant for the arrest of the plaintiff, charging the plaintiff with the crime of kidnapping" the defendant's children on November 10, 1973. Plaintiff alleged that defendant knew or, in the exercise of ordinary care, should have known that plaintiff did not commit the alleged crime. Plaintiff further alleged that he was taken into custody, booked, fingerprinted, bonded, and required to secure the services of an attorney; that on January 8, 1974, he appeared in court in Arlington County to answer the charges brought against him through the "malicious, negligent and unlawful actions of the defendant in instituting judicial proceedings without probable cause"; and that the charges against him were "dismissed". He alleged that defendant had acted with actual malice, and that her actions had caused him to suffer great distress, damage to his business reputation, and humiliation and ridicule, and to incur the expense of attorney's fees, for all of which he sought both compensatory and punitive damages.

An affidavit of defendant's non-residence having been filed, process

---

[1] In oral argument before us counsel for Niese stated that in this appeal he is challenging the rulings of the trial court only insofar as they affect the allegation of malicious prosecution.

was served on her through the Secretary of the Commonwealth. The record shows that plaintiff filed memoranda of *lis pendens* and petitions for attachment against certain real estate of defendant located in Virginia. Subsequently, in a Stipulation the parties agreed that all attachment proceedings and memoranda of *lis pendens* would be dismissed and that counsel for defendant would hold in an escrow savings account the sum of $15,000 from the proceeds of sale of defendant's realty "as surety . . . against [plaintiff's] possible recovery of damages in this action, to be released . . . upon final disposition of all issues in this cause". The terms of the Stipulation were approved by the trial court by order entered June 20, 1974.

In August, 1974, defendant notified plaintiff that she would move for summary judgment on the ground that the alleged malicious prosecution had not been "conclusively disposed of", and plaintiff could be tried within one year from November 10, 1973, for the crime with which defendant charged him. The record shows that the warrant charging plaintiff with abduction, marked "Nolle Prossed", was signed by the judge of the Juvenile Domestic Relations Court of Arlington County on January 22, 1974.

■ Malicious prosecution actions are not favored in Virginia, because of the chilling effect that such litigation might have on the efforts of citizens to bring criminals to justice. See *Brodie* v. *Huck*, 187 Va. 485, 489, 47 S.E.2d 310, 312 (1948). To maintain a malicious prosecution action it is necessary for a plaintiff to sustain a heavy burden. He must allege and prove (1) that the prosecution was set on foot by the defendant and that it terminated in a manner not unfavorable to the plaintiff; (2) that it was instituted, or procured by the cooperation of the defendant; (3) that it was without probable cause; and (4) that it was malicious. *Wiggs* v. *Farmer*, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964); *Clinchfield Coal Corp.* v. *Redd*, 123 Va. 420, 430, 96 S.E. 836, 839 (1918). See *Westreich* v. *McFarland*, 429 F.2d 947 (4th Cir. 1970).

■ On brief defendant incorrectly asserts that plaintiff failed to allege that the criminal prosecution terminated in a manner not unfavorable to him. Plaintiff did erroneously allege in his motion for judgment that the criminal proceeding initiated against him by defendant was "dismissed", when the record shows that it was "nolle prossed". This error, however, is not fatal for we hold that, upon entry of the *nolle prosequi* order, evidencing the unwillingness of the Commonwealth to proceed, the prosecution terminated in a manner not

unfavorable to plaintiff for purposes of instituting a malicious prosecution action. *See Graves* v. *Scott,* 104 Va. 372, 51 S.E. 821 (1905); *Keaton* v. *Balser,* 340 F. Supp. 329 (W.D. Va. 1972); 52 Am. Jur.2d *Malicious Prosecution,* Sec. 35 at 208 (1970).

■ There is no merit in defendant's assertion on demurrer that issuance of the arrest warrant permitted the inference that probable cause had been judicially determined so as to bar the malicious prosecution action. In *Clinchfield Coal Corp.* v. *Redd, supra,* 123 Va. at 443, 96 S.E. at 843, we rejected a similar contention. There we said that issuance of the warrant does not conclusively prove probable cause because of the very existence of the law permitting malicious prosecution actions, and the question whether issuance of the warrant is prima facie evidence is immaterial because "the burden is always on the plaintiff to negative the existence" of probable cause.

■ Defendant argues on brief that if the trial court erred in sustaining her demurrer, such error was harmless. We do not agree. It is apparent from the Stipulation that dismissal of plaintiff's motion for judgment, even without prejudice, might well be determined to be a final disposition of the malicious prosecution action, thereby terminating the obligation of defendant's counsel to maintain the $15,000 escrow deposit. Under these circumstances the error in dismissing the motion for judgment would not be harmless. Plaintiff's right to file another motion for judgment might prove worthless if the non-resident defendant has removed from the state all assets from which a judgment could be collected. Therefore, the dismissal, while legally without prejudice, factually might have a highly prejudicial effect on plaintiff.

■ Although plaintiff's motion for judgment states a cause of action, we acknowledge that it and other pleadings of the plaintiff lack the clarity, coherence, and precision that more careful draftsmanship would have provided. The record reveals many careless errors that should have been avoided. Plaintiff has attempted to insert into the record, in the form of memoranda, allegations of fact that were not included in his motion for judgment. Nevertheless, it has long been established, by statute[2] and by rule[3], that amendments to pleadings are

---

[2] Code § 8-119 (Repl. Vol. 1957) provides:

"In any suit, action, motion or other proceeding the court may at any time in furtherance of justice, and upon such terms as it may deem just, permit any pleading to be amended or material supplemental matter be set forth in amended or supplemental pleadings. The court shall, at every stage of the proceedings, disregard any error or defect which does not affect the substantial rights of the parties. If substan-

to be liberally permitted. *See Haymore* v. *Brizendine*, 210 Va. 578, 172 S.E.2d 774 (1970); *Du Pont, Etc.,* v. *Snead's Adm'r*, 124 Va. 177, 187, 97 S.E. 812, 814 (1919). As the record fails to show what amendments plaintiff sought to make, however, we cannot determine whether the trial court abused its discretion in refusing plaintiff's motions for leave to amend his motion for judgment.

For the reasons assigned the judgment appealed from is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

tial amendment is made in pursuance of this section, the court shall make such order as to continuance and costs as shall seem fair and just."

3 Rule 1:8 provides in pertinent part:

"No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice."