## CIRCUIT COURT OF HENRICO COUNTY

Foulton A. Lee, III

 v.

Southland Corp.

October 20, 1978

Case No. 75L270/KKKK

## By JUDGE E. BALLARD BAKER

The motion before the Court is to allow the plaintiff to amend the ad damnum of the Motion for Judgment for punitive damages from $50,000.00 to $47,596,000.00.

Rule 1:8 provides that "Leave to amend shall be liberally granted in furtherance of the ends of justice".

Argument in support of the Motion is based on the contention that an award limited to $50,000.00 could not serve the purpose of punitive damages. This is based on the claim that the defendant's net earnings after taxes for 1977 were $47,596,000. There is nothing to indicate that the wrong of the defendant is more enormous today than it was when the Motion for Judgment was filed. The Motion appears predicated solely on the basis that the defendant is a corporation with substantial earnings.

In Bain v. Phillips, 217 Va. 387, the Supreme Court approved a trial court's remittitur on a punitive damages award from $25,000.00 to $10,000.00 holding this no abuse of discretion given the trial

judge's duty to supervise verdicts of juries to prevent miscarriages of justice.

Whether Virginia follows the rule requiring some proportion between actual damages and an award for punitive or whether Virginia follows the rule not requiring such proportion, which I believe it does, (United Mine Workers v. Laburnum, 194 Va. 872 at 895, 22 Am. Jur. 2d, Damages, section 265, 17 A.L.R. 2d 527 at 548), no case has been cited which would assess punitive damages in an amount equal to the net earnings for one year of the defendant.

Under the circumstances, the Motion to increase the ad damnum to $47,596,000.00 is denied as such amendment would not, in my judgment, further the ends of justice.