## CIRCUIT COURT OF FAIRFAX COUNTY

Richard C. Weidman and
William Jeffrey Weidman

 v.

William Weidman

In re Mary Ellen Weidman

Case Nos. (Law) 83760, 83539, 83540,
(Chancery) 106051,
(Fiduciary) 41866

April 5, 1989

Case No. (Fiduciary) 41866

### By JUDGE JOHANNA L. FITZPATRICK

I have reviewed all the motions, briefs, counterbriefs, etc., filed by each of you in this matter. The following rulings govern all of the issues raised, and if not specifically addressed, you can assume all other requests were denied.

1. The motion filed on March 15, 1989, by William Weidman for further discovery and other relief is summarily denied.

2. The motions of Richard C. Weidman and William Jeffrey Weidman for sanctions against William Weidman are denied.

3. Sanctions in the amount of $500.00 are assessed against William Jeffrey Weidman and Richard C. Weidman for the unfounded and insufficiently investigated allegations concerning Mr. Weidman Sr.'s extramarital relationships. This was a red herring of the highest order.

4. $900.00 in fees are assessed against William Jeffrey Weidman and Richard C. Weidman as a result of the motions to disqualify the Guardian *ad litem*, Mr. Letnick, without adequate investigation. I have considered the fees already assessed for the one hearing by Judge McWeeny.

5. William Jeffrey Weidman and Richard C. Weidman are to pay Dr. Crantz $525.00 in expert witness fees for the time spent at her deposition.

6. An additional $1,500.00 in fees are awarded against William Jeffrey Weidman and Richard C. Weidman for discovery abuse, *i.e.*, the pro se deposition attempts, and motions filed unnecessarily.

This was a discovery nightmare for both parties. There have been very few Fridays during the past year when these parties have not been before this Court on some motion in either this case or one of its eight progeny. Those other cases are not before me, and these rulings are not to be considered as dispositive of any behavior which may overlap cases, such as claims concerning Mr. Babcock, etc. Both sides had gaps in presentation and demeanor in this case. For every vacillation in the sons' answers, there was a note with a questionable or double meaning written by the father which fueled the sons' suspicions. This is a case in which no one wears the white hat. There were mean and petty things gone into by both sides which had little, if any, bearing on the outcome of this case and which served to run up the costs. This Court can only wonder what Mrs. Weidman, the object of everyone's concern, would say if she could see the state of her family.

Each side is to bear the remainder of their own costs. The Final Order of February 16, 1989, with the supplemental order by Richard C. Weidman and the other of March 22, 1989, correcting the visitation times is reinstated as of this date. All payments due under this Order are to be made within sixty days.

134

April 12, 1989

By JUDGE MICHAEL P. McWEENY

The above-referenced matter has come before the Court on various motions for discovery and sanctions on March 31, 1989. Due to the interlocking nature of the requests and conflicting arguments requiring in depth review of the files, the Court took the matter under advisement.

Law No. 83760
Trial Date: May 1, 1989

The Court rules that Interrogatory No. 10 must be more specifically answered by Richard and Jeffrey Weidman by April 21. The more specific answer shall include all of the following:
1. Which of Mr. McCormack's time itemizations are alleged to be the result of or damage from the factual allegations in this cause;
2. Regarding "loss of profits," a specification as to what losses are claimed and how the $1,086,800.00 was computed;
3. A specification of what injuries to credit or credits status were sustained;
4. A specification of how the $100,000.00 loss was computed for Jeffrey Weidman's option trading and the factual basis therefor.
All other requests for more specific answers to this interrogatory are denied. The Order shall note that failure to timely respond to this interrogatory as specified above will result in Richard and Jeffrey Weidman being barred from presenting evidence on the item to which specifics were not provided.
Regarding the Request for Production of Documents, the Court rules that Richard and Jeffrey Weidman have failed to demonstrate an unwaived privilege to the production of Mr. McCormack's unredacted bill and requires that the full statement for services must be produced.
Regarding Request No. 19, the Court finds that it has been fully answered "no such documents exist"; in

the event Jeffrey Weidman intends to use any stock purchase orders, they must be produced and identified as set forth below. Any other "stock related records, computer discs, and computer systems" may neither be used nor referred to in testimony unless their absence and relevance are set forth fully in the answer to Interrogatory No. 10 as noted in the previous paragraph of this letter. Lastly, Richard and Jeffrey must produce the inventor notebook, correspondence with the Patent Office, the originals or copies of all patent applications, and records of negotiations with manufacturers, whether individually or through Southern Classics, Inc. Considering the sensitive nature of the inventor notebook, etc., a Limited Protective Order is granted limiting circulation of the documents furnished relating to inventions and patents to Mr. DiMuro and attorneys of his firm, William Weidman, and any experts hired to examine and evaluate said documents. In addition, the documents may be used at trial if appropriate.

All other Requests to Compel documents in this case are denied.

Failure to provide all of the above documents requested and ordered by this Court by April 21, 1989, will estop the Plaintiffs from presenting any claims on the subject to which the documents relate. In this cause of action, William Weidman is awarded $500.00 sanctions against Richard Weidman, which sanctions must be paid by April 21, 1989.

Law No. 83539
Trial Date: May 22, 1989

Law No. 83540
Trial Date: June 5, 1989

In argument it was agreed that these two cases could be addressed together despite the fact that they have not been consolidated for trial. The Court will first address Motions to Compel more specific answers to Interrogatories No. 1, 2, 4, 8, 9, and 11. The Court rules that all property for which relief is requested must be specified and valued in response to Interrogatory No. 1. The existing answers must be supplemented. Any item not listed or not valued may not be presented at trial. Any sources for valuation, including experts, must be listed or that source

is to be excluded at trial. Richard and Jeffrey Weidman are specifically Ordered to answer Interrogatory No. 1 with specificity listing anew *only those items for which relief is requested* and the nature of that claim, that is, value, loss of use or lost income.

Regarding Interrogatories No. 2 and 4, the basis for calculation for lost income of each item must be set forth with specificity or that item of loss of income will be barred at trial. In addition, the answer to Interrogatory No. 8 must be set forth in detail in these cases without reference to any other case currently pending before the court.

The Court finds that the answer to Interrogatory No. 9 and No. 11 are sufficient and denies the Motion to Compel. All supplemental answers as specified above are due by May 1, 1989. Failure to fully supplement will bar the use of that item at trial.

In addition to the foregoing, there were numerous Requests to Compel Production of Documents in these cases. The Court will address them in turn.

Regarding Request 1(d) as well as 5(d), there is a request for production of the 1988 tax return. Although that return will be due by the time of the supplemental productions, an extension may have been requested, and accordingly, Richard and Jeffrey Weidman are required to produce either the 1988 tax return or the supporting documents for the 1988 tax return.

The Defendant's Request to Compel Documents under 1(e) is denied; however, the claim for attorneys fees is stricken in each of these cases.

The Court rules that Request 1(h) must be answered by furnishing a segregated package of documents in these cases and identifying them specifically as being a response to this Request for Production. If the documents have already been furnished, a written designation of which documents relate to this request will be sufficient.

The Court finds that there are allegations by Jeffrey Weidman that there are losses from investments supported by "stock related records, computer discs, and computer systems." Relating to those claims, all such records, discs, and systems must be furnished in response to Request No's. 2 and 5(b), or this claim for damage will be stricken *unless* their absence, relevance, and reasonable calculation

are set forth in the answer to Interrogatory No. 4 as noted previously in this letter.

Lastly, the Plaintiffs do not have to respond to Request for Production numbered 5(a), 5(c), and 7, based upon their representations that Southern Classics, Inc., is not related to these cases. However, any claim for losses of or through the corporation are stricken.

All responses to Request for Production of Documents as specified above in these cases must be furnished by May 1, 1989. Failure to furnish any item as set forth above will bar any testimony relating to that item or any claims being set forth relating to that item.

William Weidman is awarded $250.00 sanctions from Richard Weidman and $250.00 from Jeffrey Weidman in their respective cases to be paid by May 1, 1989.

Chancery No. 106051
Trial Date: June 12, 1989

In this case there is a Motion to Compel Response to Request for Production of Document No. 13. The Court's ruling on this Motion is the same as on the identical request in Law No. 83760. Richard Weidman must produce the inventor notebook, correspondence with the Patent Office, the originals or copies of all patent applications, and records of negotiations with manufacturers, whether individually or through Southern Classics, Inc. Due to the sensitive nature of this material, a Limited Protective Order is granted in this case as well, limiting the circulation of any such documents to Mr. DiMuro and the attorneys in his firm, and to Mr. William Weidman and any experts hired to examine and evaluate said documents. The documents may be used in trial as appropriate.

This Request must be answered by April 21, 1989. Failure to produce will bar Richard Weidman from making any claim or presenting any testimony on this subject in this case.

William Weidman is awarded $500.00 sanctions against Richard Weidman, which must be paid by April 21, 1989.

April 25, 1989

Case No. (Law) 83760

By JUDGE JACK B. STEVENS

This matter is before the Court on the Motion for Summary Judgment by defendant William Weidman. The Motion is granted for the reasons that follow.

Suits for malicious prosecution when criminal proceedings are involved are disfavored in Virginia. The concern is that suits for malicious prosecution will interfere with the effective use of the criminal justice system. *Niese v. Klos*, 216 Va. 701 (1976).

In *Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 430 (1918), the Court stated the necessary elements to sustain a cause of action for malicious prosecution as being:

> (1) That the prosecution was set on foot by the now defendant and that it has terminated in a manner not unfavorable to the now plaintiff; (2) that it was instituted or procured by the cooperation of the now defendant; (3) that it was without probable cause; and (4) that it was malicious . . . .

While the undisputed facts of this case indicate that elements 1 and 2 are present, no action for malicious prosecution may be maintained, as a matter of law, unless it was instituted without probable cause. *Va. R. & P. Co. v. Klaff*, 123 Va. 260 (1918).

The undisputed facts of the motion for judgment, admissions, and answers to interrogatories, all of which may be considered under Rule 3:18, indicate that the investigating officer had probable cause to arrest both of the plaintiffs for criminal trespass under § 5-4-1 of the Fairfax County Code. Section 5-4-1 provides:

> (a) If any person shall without authority of law go upon or *remain* upon the lands, buildings, or premises of another, or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing, by the

owner, lessee, custodian, or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted on such lands, buildings, premises, or part, portion or area thereof at a place or places where it or they may be reasonably seen, he shall be deemed guilty of a Class 1 misdemeanor. (Emphasis added.)

There is no dispute that officer Redfield came to the Weidman home as a result of the plaintiffs' refusal to leave the home upon their father's request. Officer Redfield spoke with both plaintiffs and learned that it was the defendant's wish that his sons, the plaintiffs, vacate the property because of disharmony among the parties. Officer Redfield then asked the plaintiffs to leave of their own accord; when they refused, they were placed under arrest.

Probable cause has been defined as "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances that the plaintiff is guilty of the crime of which he is suspected." *Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 440 (1918). Probable cause becomes a matter of law for the Court to decide when the material facts are not in dispute. *Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 443 (1918); *Va. R. & P. Co. v. Klaff*, 123 Va. 260, 262 (1918).

Based on the information provided in the pleadings, admissions, and interrogatories, the Court concludes as a matter of law that Officer Redfield had probable cause to believe that the plaintiffs were violating Section 5-4-1 by *remaining* on their father's property after having been asked to leave the premises. Clearly the officer had knowledge of such facts which indicated to him that the plaintiffs were remaining on the property in contravention of a request that they leave.