**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT C. BLACK,
Plaintiff-Appellant,

v.

No. 96-2774

WILLIAM PATRICK WADE; SOARING
EAGLE ENTERPRISES, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-96-799-A)

Submitted: September 16, 1997

Decided: October 28, 1997

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl Joseph Arbes, Alexandria, Virginia, for Appellant. John F.
McGinley, Jr., McGINLEY & ELSBERG, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Black appeals from the district court's order granting summary judgment to the Defendants on his diversity action alleging malicious prosecution and civil conspiracy. We affirm.

Black, a Virginia attorney, purchased a used storage trailer from William Wade, owner of Soaring Eagle Enterprises, Inc., in February 1995. Black paid for the trailer with a check in the amount of $2250 and arranged for the trailer to be picked up a few days later. It is undisputed that Wade removed three of the tires and replaced them with three other tires prior to Black's retrieval of the trailer. According to Black, these tires were not roadworthy. Black then ordered his bank to "stop payment" on the check.

Upon learning of the stop payment order, Wade requested, in writing, that Black either return the trailer or issue a replacement check. When, after several such attempts, Wade received no response from Black, he filed a complaint against Black with the Virginia State Bar and filed criminal charges in Maryland against Black for theft. The Bar complaint was ultimately dismissed.

Black was arrested in Virginia pursuant to a warrant issued by the Baltimore district court. After issuing a replacement check for $2250 to Wade, however, the charges against him were "nolle prossed." Black then initiated this action in the district court claiming that Wade maliciously prosecuted him for theft and that Wade conspired to ruin Black's legal career.

In Virginia, a cause of action for malicious prosecution requires proof of four elements: "(1) that the prosecution was set on foot by the defendant and that it terminated in a manner not unfavorable to the plaintiff; (2) that it was instituted, or procured by the cooperation of the defendant; (3) that it was without probable cause; and (4) that it was malicious." Bain v. Phillips, 228 S.E.2d 576, 581 (Va. 1976). Our review of the record discloses that Black failed to establish all four of these elements. Moreover, Black has failed to provide a tran-

2

script of the district court's hearing on the summary judgment motion and we are, therefore, unable to address his claims challenging that ruling. See Fed. R. App. P. 10(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992).

Black's civil conspiracy claim is based on his assertion that Wade conspired with the Virginia State Bar and the Maryland magistrate who issued the arrest warrant to destroy Black's law practice. We find this claim also unsupported by the record because Black was unable to show either criminal or unlawful means or purpose with respect to Wade's actions. See Hechler Chevrolet, Inc. v. General Motors Corp., 337 S.E.2d 744, 748 (Va. 1985) ("A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means."). Again, Black's failure to provide a transcript has rendered it impossible to address his challenges to the district court's ruling.

Accordingly, we affirm the district court's order granting summary judgment to Wade and Soaring Eagle. The Appellees have filed a motion for sanctions pursuant to Fed. R. App. P. 38 for filing a frivolous appeal. The motion is hereby denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3