Olan THOMAS, Plaintiff,

v.

Jacques Paul LAMANQUE, et al., Defendants.

No. CIV.A. 97–00025–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

Nov. 14, 1997.

complained of a trespass by plaintiff Plaintiff was arrested and tried for trespass on the property of Lamanque. The court denied two motions to strike the evidence of the Commonwealth. However, plaintiff was found not guilty of trespass. On January 22, 1997, a circuit court in West Virginia entered an order granting the divorce between Mr. Thomas and Ms. Clowser.

Plaintiff filed a complaint with two allegations, one federal and one state. Plaintiff first alleged that the defendants conspired in violation of 42 U.S.C. § 1985. He also claimed malicious prosecution for the trespass of June 1996 under state law. Ms. Clowser filed a motion to dismiss counts I and II claiming that plaintiff did not properly allege a § 1985 or a malicious prosecution violation.

At a hearing before Magistrate Judge B. Waugh Crigler, plaintiff moved to withdraw Count I (42 U.S.C. § 1985) and the Magistrate Judge recommended granting the motion to withdraw. As to Count II, the magistrate judge recommended dismissal without prejudice. The plaintiff objected to the Report and Recommendation and requested a hearing. Plaintiff objects that a question of fact remains as to whether the malicious prosecution claim was filed without probable cause and with malice. This court finds that while such question may remain, that question properly should be heard in a court of the Commonwealth and not a federal court. This court adopts the recommendation of the magistrate judge as to Count I and as to Count II to the extent that the magistrate judge recommended dismissal without prejudice.

*Analysis: Common Law Malicious Prosecution*

Having granted plaintiff's motion to withdraw Count I, this court declines to exercise supplemental jurisdiction over plaintiff's common law claim of malicious prosecution for two reasons. One, only a state law claim remains in the case, which claim would be more appropriately addressed in a court of the Commonwealth. Second, the law in Virginia on malicious prosecution is insufficient-

Steven Mark Garver, Cheryl G. Rice, Law Offices of Steven M. Garver, P.C., Reston, VA, for Plaintiff.

Jacques Paul Lamanque, Winchester, VA, pro se.

Michael Thomas Wilson, Winchester, VA, for Defendant Josephine A. Clowser.

### MEMORANDUM OPINION

MICHAEL, Senior District Judge.

*Background*

The plaintiff, Mr. Thomas, and one of the defendants, Ms. Clowser, were married in 1979. On or about July 23, 1995 they ceased to cohabit as husband and wife. On August 16, 1995 the plaintiff filed an action for divorce from defendant Clowser. On June 1, 1996 defendant Jacques–Paul Lamanque

ly settled to render the proper disposition of this matter clear.

Under section 1367 of Title 28 of the United States Code, Congress granted to federal courts, in cases where they have original jurisdiction, the power to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (West 1993), *codifying, United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Section 1367(c), however, states that, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." (West 1993). The district court has wide latitude in its decision to rule on supplemental claims or dismiss them. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 203 (4th Cir.1997). Nonetheless, there is a presumption in favor of dismissal of state claims without an examination of the merits of those claims when the federal claim falls away before trial. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1353 (7th Cir.1997), *cert. denied,* — U.S. —, 117 S.Ct. 1846, 137 L.Ed.2d 1049. *See also, Taylor v.. Waters*, 81 F.3d 429, 437 (4th Cir.1996). On the other hand, if "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Id.* (citations omitted).

The law does not clearly indicate that dismissal is appropriate on plaintiff's malicious prosecution claim. A claim for malicious prosecution requires a showing of: a judicial proceeding instituted with the intention of injuring the defendant, without probable cause, and which ends favorably for the plaintiff. *Donohoe Constr. Co. v. Mount Ver-*

*non Assocs.*, 235 Va. 531, 369 S.E.2d 857, 862 (1988). "Probable cause as it relates to malicious prosecution actions is defined as 'knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected.'" *Bain v. Phillips*, 217 Va. 387, 228 S.E.2d 576, 581 (1976), *quoting, Virginia Ry. and Power Co. v. Klaff*, 123 Va. 260, 96 S.E. 244, 246 (1918).

A defendant may prove probable cause by indicating consultation with legal counsel. *Chipouras v. A J & L Corp.* explains the "advice-of-counsel" defense:

> [A defendant] acts with probable cause when he acts on advice of counsel. To establish the defense, he must prove (1) that he sought the advice of reputable counsel because he wished to be informed of the law; (2) that he fully, correctly, and honestly disclosed all material facts which he knew—or should have known upon a reasonably careful investigation—about the guilt of the party accused; and (3) that in good faith he followed his counsel's advice in causing the plaintiffs arrest. . . . The advice-of-counsel defense is a complete defense even though the attorney gives incorrect advice. . . . Usually, this defense presents a jury question, but if reasonable minds cannot differ, then the court decides the question as a matter of law.

223 Va. 511, 290 S.E.2d 859, 861 (1982) (citations omitted). Whether probable cause exists is a matter for the court unless there is a conflict in the evidence, in which situation probable cause becomes a matter for a jury. *Brodie v. Huck*, 187 Va. 485, 47 S.E.2d 310, 312 (1948), *citing*, Burks, Pleading and Practice 252 (3d ed.).

This court could find that, because the state criminal court twice denied motions to strike the Commonwealth's evidence, probable cause for the criminal action existed as a matter of law.[1] However, this court declines to make this analytical jump. In

---

1. The magistrate judge stated: "I believe that the Fourth Circuit would take the position on Virginia law that where a magistrate has found probable cause, where a trial judge says this is a case that can be decided by the trier of fact, whether it's the trial judge or a jury that that, as a matter of law, insulates defendant from malicious prosecution in Virginia." Hearing, July 1, 1997, transcript at 8.

*Niese v. Klos,* the court held that issuance of a warrant does not indicate that probable cause has been judicially determined. 216 Va. 701, 222 S.E.2d 798, 800 (1976), *citing for the same proposition, Clinchfield Coal Corp. v. Redd,* 123 Va. 420, 96 S.E. 836, 843 (1918). The determination of these courts seems to indicate a hesitancy on the part of the courts to presume probable cause because of a judicial determination on another matter. At the very least, there is no "obviously correct" resolution in state law, *Van Harken v. City of Chicago, supra,* 103 F.3d at 1353, to the issue of the existence of probable cause in the case before the bar. Therefore, this court does not presume to create Virginia law and dismisses Count II without prejudice.

An appropriate order shall this day issue.