## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Nancy S. Joyce,
Adm'x, etc.

v.

Center for Brief
Counselling, Inc., et al.

October 14, 1992

Case No. CL-92–146

BY JUDGE WILLIAM H. LEDBETTER, JR.

The plaintiff, administratrix of the estate of Harvey Jeffrey Joyce, seeks to recover damages resulting from the death of Mr. Joyce. In her motion for judgment, she claims that the defendants' negligence resulted in Mr. Joyce's suicide in July of 1990.

In response, the defendants filed grounds of defense and a special plea in bar. The plea asserts that this action is barred because Mr. Joyce committed suicide. Counsel argued the plea on October 7, 1992.

In support of their plea, the defendants contend that the plaintiff is barred from recovery in this action unless the decedent was of unsound mind at the time he took his own life. They argue that this threshold issue should be resolved prior to trial and their plea in bar entitles them to such a pretrial determination. The plaintiff contends that the plea is inappropriate and, alternatively, if the court concludes that the defendants are entitled to have the issue of "unsound mind" resolved prior to trial, a jury should decide it. The defendants concede that a party has the right to have a jury decide disputed factual issues raised in a plea in bar.

The defendants' first premise is correct. The plaintiff's wrongful death action would be barred if the decedent committed suicide. (Courts will not lend assistance to one who participates in an illegal

act and seeks to profit from it.) However, the rule does not extend to every case in which a person takes his own life. Suicide is defined as the deliberate and intentional destruction of his own life by a person of years of discretion and of sound mind. Thus, if the decedent were a minor or of unsound mind, this action would not be barred per se. *Wackwitz v. Roy*, 244 Va. 60 (1992).

In this case, the plaintiff alleged in her pleading that the decedent was of unsound mind. The issue, then, is whether the defendants are entitled to have that issue adjudicated prior to trial upon filing this plea in bar.

Pleas are neither classified nor defined in the statutes or rules of court. We know they exist, however, because of repeated references to them. For instance, pleas of the general issue have been abolished (Rule 3:5), and pleas in abatement have been abolished (§ 8.01–276; Rule 3:6); a plea may put handwriting, ownership, or existence of a suing entity in issue if accompanied by an affidavit (§ 8.01–270); and trial by jury of a plea in equity is codified (§ 8.01–336(D)). In *Nelms v. Nelms*, 236 Va. 281 (1988), the Supreme Court observed that "a plea, whether at law or in equity, is a discrete form of defensive pleading."

A plea in bar goes to *bar* the plaintiff's action; that is, to defeat it absolutely and entirely. Black's Law Dictionary (1951) p. 1310. Also known as a "peremptory plea," the plea in bar is distinguished from the "dilatory plea" which is generally pleaded with a view of delaying or retarding the plaintiff's proceedings.

> Peremptory pleas reach the merits of the case; they are also known as pleas in bar or to the merits. Such pleas formerly included both pleas of the general issue and special pleas. At common law, pleas of the general issue denied the whole declaration (or at least its main substance) and attacked some fact which the plaintiff was obliged to prove affirmatively to maintain his action. *Special pleas involved the introduction of some affirmative matter by the pleader.* Special pleas are still used in Virginia at law and in equity, but Rule 3:5 abolished the use of pleas of the general issue.
>
> At law, the grounds of defense has become the chief vehicle for defensive pleading. Since the grounds of defense may include all defenses to the merits, the use of the special plea is limited in modern Virginia practice. The special plea, however, may be useful to present a single issue which may

result in ending the proceedings; for example, statute of limitation, res judicata, collateral estoppel by judgment, accord and satisfaction, or statute of frauds. [Emphasis added.]

Boyd, Graves and Middleditch, Virginia Civil Procedure (1982) § 8.4.

(A more recent treatise on Virginia civil procedure does not discuss pleas in bar as a separate matter except as they are used in equity practice. However, the author observes that "the use of pleas in bar in equity is a copying of the common law practice." Bryson, Handbook on Virginia Civil Procedure (2d ed. 1989) p. 263.[1])

In a nutshell, the principle enunciated in *Wackwitz*, applied here, requires that the plaintiff prove that the decedent was of unsound mind when he took his life, in addition to the other elements of a wrongful death action based on professional malpractice. The defendants' plea denies this fact - i.e., that the decedent was of unsound mind. Because this is a fact that the plaintiff is obliged to prove in order to maintain his action, it amounts to the general issue. *See* Burks, Common Law and Statutory Pleading and Practice (4th ed. 1952) pp. 369–372. Pleas of the general issue have been abolished. Rule 3:5. It is not the office of the special plea in bar to pluck one essential ingredient from the plaintiff's case and cause it to be adjudicated - with a jury, if requested - prior to trial.

For these reasons, the defendants' plea in bar will be denied. The case will proceed to trial on the plaintiff's motion for judgment and the defendants' grounds of defense (which, of course, also denies that the plaintiff's decedent was of unsound mind).

---

[1] Grounds of defense are pleas in bar. *Id.* at 229. [Reporter's Note]