## CIRCUIT COURT OF LOUDOUN COUNTY

Tedda Saunders,
Adm'r of the Estate of
Vernon M. Saunders, Jr.,
Deceased

v.

Leesburg Institute, Inc., t/a
Springwood Psychiatric
Institute, et al.

February 1, 1993

Case No. (Law) 13119

BY JUDGE JAMES H. CHAMBLIN

This wrongful death case with negligence and breach of contract claims arose as a result of the suicide of Dr. Vernon M. Saunders, Jr., while a patient at Springwood Psychiatric Institute on January 21, 1991. It is before the Court on the Amended Demurrer of Leesburg Institute, Inc., t/a Springwood Psychiatric Institute, the Demurrer of Miller Brothers Constructors, Inc., the Demurrer of Ronald J. Garson, M.D., and the Special Plea of Illegality of A. Gibson Dunn, M.D. These defensive pleadings were argued on December 21, 1992, and the Court has considered all the memoranda and briefs filed by counsel.

Each defendant has asserted various grounds in support of the Demurrers and the Special Plea. However, the defensive pleadings taken as a whole assert that the motion for judgment does not allege sufficient facts to sustain a cause of action for wrongful death because (1) Dr. Saunders committed suicide and (2) no special contract is alleged of which Dr. Saunders was a party or a third party beneficiary.

For the reasons hereinafter set forth, the Demurrers and the Special Plea are overruled.

## I. *Suicide Issue*

It is now clear in Virginia after the decision in *Wackwitz v. Roy*, 244 Va. 60 (1992), that if the decedent were of unsound mind at the time he took his life, then a wrongful death action is not barred per se. Here the plaintiff alleges that Dr. Saunders "was suffering from mental illness and mental incapacity," "was the victim of self-destructive impulses which were the product of his mental illness" (paragraph 5 of the motion for judgment), and had an "irresistible impulse and self-destructive impulse which was the product of his mental disease" (paragraph 39). It is clear that the plaintiff has alleged that Dr. Saunders was of unsound mind when he took his life. Therefore, his suicide is not a bar based on the pleadings.

As stated from the bench, I am of the opinion that the plaintiff's burden of proving that Dr. Saunders was of unsound mind is one of the elements that she must prove at trial; and therefore, she is not entitled to a separate preliminary evidentiary hearing on the issue. I agree with the opinion of Judge William H. Ledbetter, Jr., dated October 14, 1992, in *Joyce, Administratrix v. Center for Brief Counselling, Inc.*, 29 Va. Cir. 209 (1992), on this issue.

The Demurrer and Dunn's Special Plea are overruled on this ground.

## II. *Breach of Contract Issue*

At oral argument, I expressed some concern that the breach of contract alleged was the same as the violation of the duty imposed upon the defendants under a negligence standard. In other words, I could see that the contractual duty might be exactly the same as the duty of reasonable care (not deviate from the standard of care). After careful consideration of the allegations in the motion for judgment, I have come to the conclusion that perhaps the contractual duty may ultimately equate to the common law duty (negligence) depending on the expert testimony at trial, but even if it does not, it is certainly conceivable that a person such as Dr. Saunders with self-destructive impulses could contract with an institution such as Springwood and doctors such as Garson and Dunn "to take all reasonable and necessary steps to protect [him] from any and all self-destructive impulses he might have while at Springwood." This the plaintiff has alleged. *See* paragraphs 6(e), 7(e), and 8(e) of the motion for judgment. Virginia recognizes that a patient can contract with a health care provider for a particular result. *See, Glisson v. Loxley*, 235 Va. 62 (1988).

The Demurrer of the health care providers is overruled on this ground.

Miller Brothers in its Demurrer argues that Dr. Saunders' suicide was an independent intervening cause between its alleged tortious acts and his death. I am of the opinion that the motion for judgment alleges sufficient facts to support a cause of action against Miller Brothers for both negligence and breach of contract. Dr. Saunders was a third-party beneficiary to the contract between Springwood and Miller Brothers. Sufficient facts are alleged to show a causal connection between the tortious conduct and the breach of contract by Miller Brothers and Dr. Saunders' death. The Demurrer of Miller Brothers is overruled on this ground.