# CIRCUIT COURT OF THE CITY OF NORFOLK

Jonathan P. Mea,
Adm'r of the Estate of
Judith A. Manes-Moen,
deceased

v.

Spiegel et al.

December 4, 1997

Case No. (Law) L97-1256

BY JUDGE CHARLES E. POSTON

This action is before the court upon the Defendants' special pleas of illegality accompanied by their motions for a separate evidentiary hearing thereon. The Plaintiff, in response, moved to strike their pleas and to deny the motions for a separate evidentiary hearing. For the reasons stated below, the court denies the special pleas, thus making the remaining motions moot.

The motion for judgment alleges that on August 25, 1995, the Plaintiff's decedent, Judith A. Manes-Moen, while not being of sound mind, took an overdose of sleep medication and died. It is further alleged that when she died, Ms. Manes-Moen was a patient of the defendants, all of whom are health care providers in the mental health field. The Plaintiff further pleads that Ms. Manes-Moen's death was "directly and proximately caused" by the Defendants' negligence.

In their special plea of illegality, the Defendants assert that as a matter of law, the Plaintiff cannot recover "because the death of Plaintiff's decedent, Judith Manes-Moen, resulted from the decedent's knowing participation in an unlawful, wrongful, and immoral act, that being the decedent's suicide." They further ask the court to order this narrow issue tried separately before a jury.

The essential facts presented in *Wackwitz v. Roy*, 244 Va. 60 (1992), are so similar to those in the instant action that further summary is not

required. The defendants in that case filed motions to dismiss on the following grounds:

> The plaintiff's decedent has committed an immoral and illegal act, and as a result, has no right of action against the defendants . . . predicated upon his suicide.

*Id.* at 62. The Supreme Court held:

> In the present case, the plaintiff alleged that her decedent was of unsound mind when he killed himself. If this be so, then he is not guilty of the common law crime of suicide, and his act would not be a bar *per se* to the administrator's action.

*Id.* at 65.

It is clear that unless the plaintiff had been of unsound mind and not of "years of discretion," her killing would be suicide, an act which would bar the recovery. *Id.* Thus, for the motion for judgment to withstand a demurrer, it must plead sufficient facts to show that the decedent's death was not suicide. Here, the plaintiff has pleaded that Ms. Manes-Moen was of unsound mind. This, then, is an element of the case which the plaintiff must prove. In a similar case, the principle has been explained as follows:

> Because this is a fact that the plaintiff is obligated to prove in order to maintain his action, it amounts to the general issue. Pleas of the general issue have been abolished. It is not the office of the special plea in bar to pluck one essential ingredient from the plaintiff's case and cause it to be adjudicated with a jury, if requested, prior to trial.

*Joyce v. Center for Brief Counseling,* 29 Va. Cir. 209, 211 (1992).

Thus, the court denies the special please and the motions for a separate evidentiary hearing.