# CIRCUIT COURT OF ROCKINGHAM COUNTY

Hubert Ratcliffe, Jr.

v.

Brenda Fogus

February 9, 2010

Case No. CL09-00518

BY JUDGE JAMES V. LANE

This matter came before the Court on Defendant's Plea in Bar to Plaintiff's Complaint of malicious prosecution. The Court heard oral argument on February 8, 2010. Having reviewed the parties' memoranda and the applicable law, the Court now overrules Defendant's Plea in Bar.

In her Plea in Bar, Defendant argues that, before instituting her complaint for stalking against Plaintiff, she met with reputable counsel with the honest purpose of being informed of the law, made a full and honest disclosure of material facts to counsel, and relied in good faith upon counsel's advice. These facts, Defendant argues, create probable cause for the criminal complaint, thus negating an element of malicious prosecution. *Noell v. Angle*, 217 Va. 656, 660 (1977). In other words, Defendant brings her Plea in Bar to attack one of the necessary elements of a malicious prosecution action. Plaintiff responds that the existence of probable cause and an advice-of-counsel defense are matters for the finder of fact at trial.

The Supreme Court of Virginia has explained that a plea in bar:

> whether at law or in equity, is a discrete form of defensive pleading. As distinguished from an answer or grounds of defense, *it does not address the merits* of the issues raised by the bill of complaint or the motion for judgment. Yet, a plea is a pleading which alleges a single state of facts or

circumstances (usually not disclosed or disclosed only in part by the record) which, if proven, constitutes an absolute defense to the claim

Familiar illustrations of the use of a plea would be: The statute of limitations; absence of proper parties (where this does not appear from the bill itself); *res judicata*; usury; a release; an award; infancy; bankruptcy; denial of partnership; *bona fide* purchaser; denial of an essential jurisdictional fact alleged in the bill, etc.

*Nelms v. Nelms*, 236 Va. 281 (1988) (italics added). Importantly, a defendant may not use a plea in bar as a plea of the general issue of the case, or more specifically, to attack the plaintiff's ability to prove a certain part of his case. *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609 (2005) (observing that a pre-trial attack on some fact that plaintiff would be required to prove at trial was abolished by Rule 3:5). In *Joyce v. Center for Brief Counselling, Inc.*, 29 Va. Cir. 209 (Fredericksburg 1992), the defendant filed a plea in bar on the issue of the soundness of the decedent's mind at the time he took his life. Because unsoundness of mind was a fact the plaintiff had to prove at trial, the court overruled the plea in bar as an impermissible plea of the general issue. *Id.* at 211.

Here, the Defendant has asserted that there was probable cause for the criminal complaint based on her good faith consultation with counsel. Lack of probable cause is an element of malicious prosecution that Plaintiff must prove at trial. *Bain v. Phillips*, 217 Va. 387, 393 (1976). While Va. Code 8.01-336(D) empowers parties to have a jury determine factual disputes on a plea in bar, it does not enable Defendant here, under objection from Plaintiff, to try one portion of Plaintiff's case-in-chief before trial. Accordingly, Defendant's Plea in Bar is overruled.