# CIRCUIT COURT OF THE CITY OF NORFOLK

Frederick James Fee
and Kathleen Lee Fee,
Co-Administrators
of the Estate of
Richard Scott Fee,
deceased

v.

Waldo Ellison,
and Dominion Psychiatric
Associates, P.L.C.,
Charles Parker, *et al.*

May 8, 2015

Case No. (Civil) CL13-6544

BY JUDGE JERRAULD C. JONES

This matter comes before the Court on Defendants' Motion for a Separate Evidentiary Hearing upon Defendants' Special Plea of Illegality.

The essential question that the Court must answer is whether the determination of the illegality of the decedent's suicide, which, if proven, would bar this action, should be determined at a pretrial evidentiary hearing or at the trial on the merits of the case.

Defendants Waldo Ellison, M.D., and Dominion Psychiatric Associates, P.L.C., argue that this issue is best addressed in a separate, pretrial evidentiary hearing. Defendants compare this issue to sovereign immunity and statutes of limitation, which are often decided by way of a special plea in bar. Defendants assert that such a hearing is appropriate because illegality is a dispositive issue in the case and that determining this issue before trial would either narrow the issues for the jury to decide at trial or render the trial entirely unnecessary.

Plaintiffs argue that it would be inappropriate for the Court to "pluck out" this single issue from Plaintiffs' case. Plaintiffs assert that proving

that illegality does not apply is an element of their case, and, therefore, all issues should be heard together at the trial. Plaintiffs compare illegality to contributory negligence, which is almost always decided by the factfinder at trial.

On this question, the Court agrees with Plaintiffs.

It is well settled that a party who consents to and participates in an immoral or illegal act generally cannot recover damages from other participants for the consequence of that act. *Wackwitz v. Roy*, 244 Va. 60, 64 (1992) (*quoting Miller v. Bennett*, 190 Va. 162, 164-65 (1949)) (internal quotations omitted). "There is ... a presumption in favor of the sanity of every man until evidence that he is of unsound mind is introduced[.]" *Wallen v. Wallen*, 107 Va. 131, 150 (1907). This presumption applies to suicide, which "remains a common law crime in Virginia." *Wackwitz*, 244 Va. at 65. Plaintiffs here must rebut this presumption, and Defendants ask that this occur at a separate evidentiary hearing, which is procedurally similar to a plea in bar, a defensive pleading that:

> does not address the merits of the issues raised by the bill of complaint [but] alleges a single state of facts or circumstances (usually not disclosed or disclosed only in part by the record) which, if proven, constitutes an absolute defense to the claim.

*Nelms v. Nelms*, 236 Va. 281, 289 (1988).

But "a defendant may not use a plea in bar as a plea of the general issue of the case, or, more specifically, to attack the plaintiff's ability to prove a certain part of his case." *Ratcliffe v. Fogus*, 80 Va. Cir. 186 (Rockingham Cnty. 2010) (*citing Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 617-18 (2005)). Nor may a defendant use a "special plea in bar to pluck one essential ingredient from the plaintiff's case and cause it to be adjudicated — with a jury, if requested — prior to trial." *Mea v. Spiegel*, 44 Va. Cir. 122, 123 (Norfolk 1997) (*citing Joyce v. Center for Brief Counselling, Inc.*, 29 Va. Cir. 209, 211 (Fredericksburg 1992)).

The Court finds that having a separate evidentiary hearing to determine whether decedent was of sound mind at the time of his suicide and, thus, to determine whether Plaintiffs' suit is barred by illegality would improperly adjudicate an element of Plaintiffs' case before trial. Accordingly, the Court denies Defendants' Motion. The Court hereby notes Defendants' objection and exception to the ruling of the Court.